## WEIL *v.* WATERHOUSE.

[No. 6,782.    Filed May 13, 1910.    Rehearing denied November 22, 1910.    Transfer denied January 10, 1911.]

1. PRINCIPAL AND SURETY.—*Married Women.—Estoppel in Pais.*— A married woman cannot become a surety or guarantor, and cannot be bound as such except by an estoppel *in pais.* p. 691.
2. ESTOPPEL.—*Knowledge of Facts.—Married Women.—Suretyship.* —A married woman cannot be bound by an estoppel *in pais* where the other party to the contract knew the facts. p. 691.
3. LANDLORD AND TENANT.— *Surrender of Possession.— Future Rents.*—A surrender of possession to the landlord, and an acceptance by him, extinguish the lease, as well as liability for future rents. p. 691.
4. APPEAL.—*Instructions.—How Considered.*—Instructions should be considered as a whole, and if they fairly state the law, the judgment appealed from will be affirmed. p. 692.

From Dekalb Circuit Court; *Emmet A. Bratton,* Judge.

Action by Abraham Weil against Amelia Waterhouse. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Walter Olds,* for appellant.

*Lee J. Ninde,* for appellee.

HADLEY, J.—This was an action brought by appellant against appellee to recover two months' rental for certain property owned by appellant, and which he claimed he had leased to appellee.

Appellee's defense was that she was a married woman, and that the lease sued on was signed by her as surety or guarantor for her husband; also, that before any of the rent sued for had accrued possession of the premises had been surrendered to, and accepted by, appellant.

There was ample evidence to warrant the jury in finding for appellee upon both contentions.   As to the first, it is well settled that there can be no evasion of the statute 1.   upon the part of the person who accepts an obligation that a married woman is powerless to execute, and she could not escape the statutory prohibition, except for the fact that she may be bound by an estoppel *in pais.*   A married woman has no power to deal as principal if she is in fact a surety.   *Field* v. *Campbell* (1905), 164 Ind. 389; *Vogel* v. *Leichner* (1884), 102 Ind. 55; *Long* v. *Crosson* (1889), 119 Ind. 3, 4 L. R. A. 783.

There could be no estoppel *in pais* in this case, since the evidence shows that appellant knew and understood 2.   all of the facts, and participated in the evasion. *Field* v. *Campbell, supra.*

As to the second contention, a surrender of the premises and delivery of possession to the landlord and acceptance thereof by him extinguishes the lease and liability for 3.   future rents.   *Donahoe* v. *Rich* (1891), 2 Ind. App. 540; *Terstegge* v. *First German, etc., Soc.* (1883), 92 Ind. 82, 47 Am. Rep. 135;   Wood, Landlord and Tenant §§497, 498.

Numerous objections are urged to instructions given by the court and the instructions refused.   We have examined these

instructions, and find that the instructions given, taken as a whole, fairly state the law, and that there was no reversible error in refusing the instructions requested.

There being no reversible error in the record, the judgment is affirmed.