## CARP AND COMPANY v. MEYER.

[No. 13,291.   Filed June 25, 1929.]

*Howard L. Townsend, Albert E. Thomas* and *Harry H. Hilgemann,* for appellant.

*Vesey, Shoaff & Hoffman,* for appellee.

McMAHAN, C. J.—Action by appellee against appellant, a corporation, to recover rent alleged to be due under a written lease.   Appellant filed an answer: (1)   Of general denial; (2) fraud; and (3) surrender and acceptance of the leased premises by appellee.   It also filed a cross-complaint seeking to recover damages because of

alleged fraud on the part of appellee in procuring the lease. A trial by jury resulted in a judgment in favor of appellee for $2,875. Error is claimed on account of the overruling of appellant's motion for a new trial, under which it is contended the verdict is not sustained by sufficient evidence, error in giving instructions 2 and 4 tendered by appellee, and error in the exclusion of certain testimony.

Appellee is the owner of a building in Fort Wayne, wherein he, for many years, had conducted a retail store devoted to men's ready-to-wear goods and furnishings, men's, boys' and ladies' shoes, etc. In February, 1925, he leased a part of the first floor to appellant. A supplemental agreement was made in April, 1925. The term of the lease was from March 15, 1925, to March 15, 1935, at a yearly rental to be paid in monthly installments, the monthly payments for the first five years being $650, and payable in advance. Appellee agreed to repair the building in case it was damaged by fire or other elements. If the premises became vacant or if the lessee discontinued business therein, the lessor had the "right to terminate the lease by a thirty-day notice served personally or by registered mail on lessee, or the lessor, at his option, might relet the demised premises as the agent of the lessee, the rent received therefor to be applied, first, to payment of expenses incurred in reletting, then to payment of rent due to the lessor under the lease to appellant, balance to be retained for account of appellant. Appellant took possession of the property and occupied the same until February 4, 1926, at which time a fire occurred. The rent was paid to February 15, 1926. On February 20, 1926, appellant informed appellee it was going to vacate and a few days later tendered the keys to appellee, together with a release and surrender of the lease, claiming the lease had been procured by fraud. Appellee refused to accept the tender, had the

property repaired and put in the same condition as before the fire. On March 20, 1926, a written notice of such completion was given appellant. No rent was paid for any part of the term subsequent to February 15, 1926. By the terms of the lease to appellant, appellee reserved for his own use the whole of the second story, a small part of the first story and the stairway leading from the first to the second floor of the building. During the time appellant occupied the leased premises and later, appellee occupied and used the reserved part of the building and conducted business therein, all as was provided for in the lease. After appellant had vacated and refused to occupy the property, appellee undertook to, and did later, enter into two leases with another for the whole of the store building. One of these leases was for that part which had been leased to appellant and the other was for the part which appellee had reserved for his own use. Appellee was unable to re-rent the part of the building covered by the lease to appellant, but, by executing the two leases for the whole of the building, was successful in re-renting the part formerly occupied by appellee. The last two leases were dated July 20, 1926. The lease for the part formerly demised to appellant was for a term ending March 15, 1935, at a rental of $6,000 per year for the remainder of the term. The new tenant was given the right to occupy the premises for installing fixtures and stock of goods at any time prior to September 15, 1926, without payment of rent. The terms of the lease to appellant and the new lease were substantially the same, the main differences being that the new tenant was given the right to sublet the premises, was obligated to carry compensation insurance, and to pay all water, gas and electric-current bills, which provisions were not in the lease to appellant.

Appellant contends that it surrendered the leased premises and turned the possession thereof over to ap-

pellee, that appellee accepted such surrender, and that, by reason thereof, it is released from any liability for future rent. Appellee contends that the evidence does not show, as a matter of law, that he accepted a surrender of the lease, and insists he re-rented as the agent of appellant under the provision of the lease which authorized him, upon an abandonment of the leased property, by the lessee, to relet on account of, or as the agent of, the lessee, and to hold the lessee for the deficiency in the rent.

It is doubtless the law that when a tenant surrenders the leased property and delivers the possession to the lessor, who accepts such surrender, the lessee is not liable for accruing rent after such acceptance. *Terstegge* v. *First German, etc., Society* (1883), 92 Ind. 82, 47 Am. Rep. 135; *Weil* v. *Waterhouse* (1910), 46 Ind. App. 690, 91 N. E. 746. The evidence in the instant case upon the question of surrender and acceptance does not conclusively show an acceptance by appellee, unless we can say, as a matter of law, that his action in leasing to another shows an acceptance of the attempted surrender by appellant.

A surrender arises by operation of law when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have agreed to consider the surrender as made. *Powell* v. *Jones* (1912), 50 Ind. App. 493, 98 N. E. 646. In order to imply an acceptance, the acts of the landlord must be such as are equivalent to an agreement on his part to accept the surrender.

Under the issues, and verdict of the jury, appellant without question was liable for the rent from the time it received notice that the building had been repaired so as to be ready for occupancy, to September 1, following, when the second tenant took possession. The verdict was for $2,875, which is well within the evidence as to the amount of rent which ap-

pellee was entitled to recover, when we consider the fact that appellee was entitled to eight per cent interest on installments of rent not paid when due, and that he was also entitled to recover attorney's fees. This being true, the error, if any, in giving the two instructions of which complaint is made, would not be reversible error.

The court sustained objections to certain questions asked certain witnesses by appellant. The evidence sought to be elicited by these questions was sufficiently covered by the testimony of appellee, who practically admitted the facts to be as contended by appellant. The questions, if answered in accordance with appellant's contention, would not have affected the result.

Affirmed.