THE EQUITABLE LIFE ASSURANCE SOCIETY OF
THE UNITED STATES *v.* STRASBERG.

[No. 27,031. Filed May 11, 1938. Rehearing denied
May 24, 1938.]

Fesler, Elam, Young & Fauvre, and Howard S. Young, Jr., for appellant.

Floyd W. Burns, and Thomas E. Garvin, for appellee.

HUGHES, J.—This is an action brought by the appellee against the appellant to collect upon a life insurance policy, wherein appellee's husband was insured and appellee was the beneficiary.

The policy was dated December 27, 1934, was delivered on January 17, 1935, was paid for February 7 or 8, 1935, and the insured died on February 15, 1935, as the result of coronary thrombosis evidenced by angina pectoris. In his application for the policy the insured agreed that no policy be issued on the application should take effect unless the first premium should be paid during insured's good health and the insured stated that he had never been under observation or treatment in any hospital and had never had or been treated for any disease or disturbance of the heart or blood vessel and that during the five years immediatly preceding, the only doctor who had treated him was Doctor Tice, who gave him a general physical examina-

tion and check up in August, 1934. The appellant re-scinded the contract on the ground the insured was not in good health when the first premium was paid and during the first few months immediately preceding the issuance of the policy had had attacks of angina pec-toris and had been in Washington Boulevard Hospital in Chicago in August of 1934, for observation and treat-ment and had consulted and been treated by other doc-tors than Doctor Tice during the few months immedi-ately preceding the application for the policy.

The appellant filed four paragraphs of answer to ap-pellee's complaint. The first was a general denial; the second was based upon the proposition that the insured was not in good health when the first premium was paid; the third was upon the theory of false representa-tions in the application on account of which the defend-ant has rescinded the contract; and the fourth was upon the theory that the insured was not in good health when the first premium was paid on account of which the de-fendant had rescinded the contract.

The case was tried by a jury and the verdict was re-turned in favor of the plaintiff. The error assigned for reversal is that the court erred in overruling appellant's motion for a new trial. It is alleged in the motion for a new trial that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, and that the court erred in giving and refusing to give certain in-structions and in the admission and refusing to admit certain evidence.

Part two of the application contains the statements made by appellant to the medical examiner. Question three E, with the answer to same, is as follows:

"Have you ever been under observation or treat-ment in any hospital, asylum or sanitorium?" Answer "No."

Question six C, with answer, is as follows:

"Have you ever had or been treated for any disease or disturbance of the heart or blood vessel? Answer "No."

Question nine is, state every physician or practitioner whom you have consulted or who has treated you during the past five years? The answer to which under the heading name and address of each is Doctor Frederick Tice, 25 W. Washington, Chicago, and under headings, date and details and result is general physical examination in August, 1934, for general check up.

Part two of the application was signed by Albert B. Strasberg and is dated Martinsville, Indiana, November 28, 1934, and witnessed by Austin D. Sweet, M. D.

The appellant executed and delivered the policy to said Strasberg upon the written application of the said Strasberg and in part one of said application it was provided:

"All of the foregoing answers and all of those contained in part two hereof are true and are offered to the society as an inducement to issue the policy or policies for which application is hereby made."

And the applicant further stated:

"I agree that the foregoing answers shall be part of my application which shall consist of parts one and two taken together and that the foregoing answers shall become part of any policy, contract that may be issued upon the strength thereof."

The evidence shows that the insured, Albert Strasberg, consulted Dr. Hartley F. Mars in August, 1934, and after an examination he was told that he had coronary thrombosis; that the condition was serious and that he should be hospitalized and he was also told by the doctor that unless he went to a hospital for rest and observation he would probably die from this condition. Dr. Mars attended him again on February 10, 1935, and found him to be suffering from heart trouble.

The evidence also shows that the insured consulted Dr. H. H. Basler in July, 1934. He told Dr. Basler that he had been having pains in the chest and around the heart from three to five months. The doctor told him he had angina pectoris and that he would have to go to bed and take care of himself and keep off his feet. The doctor prescribed a line of treatment at that time. Dr. Basler was called to his home on February 8, 1935, and found him practically in the same condition as when he saw him in July, 1934.

It is further shown and admitted that the insured was in the Washington Boulevard Hospital, Chicago, from August 16 to 21, 1934, and while in the hospital he consulted Drs. Tice and Winter. Dr. Tice testified that he saw the insured in the Washington Boulevard Hospital on August 16, 1934, and that he told him he had been sick for ten weeks with pain in the chest. The doctor said his outstanding complaint was chest pains, choking sensations, and more or less' continuous dull aching sensations in the region of the heart.

Dr. Winters testified that he was an interne in the Washington Boulevard Hospital, Chicago, in August, 1934, and a graduate of the Rush Medical College; that he saw the insured in the hospital in August, 1934; that he took his history and examined him and that he complained of choking sensations for about two and one-half months; that the insured told him that when he had the choking sensations he usually had a dull pain in the region of the heart.

The evidence also shows that the insured consulted to the Veteran's Hospital at Hines, Illinois, on February 11, 1935. He was under the supervision of Dr. Hollingsworth and was sent to his ward for treatment for a heart condition. He told Dr. Hollingsworth that he had pains in his chest for the past year or so, which became very severe some three months previously. The

insured died on February 15, 1935, and Dr. Hollingsworth was of the definite opinion that he died of coronary occlusion and there was no evidence to the contrary.

The evidence clearly shows that at the time the first premium was paid the insured was not in good health, but was suffering from a serious heart ailment.

Under the undisputed evidence in this case it is apparent that it must be reversed. The answers to questions 3E, 6C., and 9 were clearly false as shown ■ by the uncontradicted evidence. As said in the case of *Metropolitan Ins. Co.* v. *Head* (1927), 86 Ind. App. 326, 328, 157 NE. 448.

"It is well established that if representations in an application for insurance are false and material, that is, are such as would have influenced the action of the company upon the application in regard to whether or not it would grant the insurance, the policy will be vitiated unless the company has in some way waived the benefit of it by its conduct and with knowledge of the facts."

There is no evidence to show that the appellant in any way waived its rights under the policy. False statements in an application for insurance respecting a fact material to the risk voids the policy.

"Where facts are misrepresented, the measure of materiality is whether knowledge of the true facts might have led the company to decline the risk, or accept it only for a higher premium."

*Metropolitan Life Insurance Co.* v. *Becraft* (1938), 213 Ind. 378, 386 12 N. E. (2d) 952.

We are of the opinion that the verdict is clearly not sustained by sufficient evidence and is contrary to law. In view of the conclusion we have reached we do not consider it necessary to discuss other propositions presented.

Judgment reversed.