## GUARDIAN LIFE INSURANCE COMPANY OF AMERICA v. BARRY

[No. 16,377. Filed March 4, 1941. Rehearing denied April 15, 1941. Transfer denied May 28, 1941.]

288

*Louis L. Roberts, Leo Warren,* and *Morris S. Merrell,* all of Evansville (*William L. Irons,* of New York City, of counsel), for appellant.

*Winfield K. Denton* and *William L. Mitchell,* both of Evansville, for appellee.

DEVOSS, J.—This is a second appeal of this cause. No. 26931, 213 Ind. 56, 10 N. E. (2d) 614.

By his amended and supplemental complaints, appellee seeks to recover for total and permanent disability benefits, as provided for in a policy of life insurance issued to appellee by appellants, and the return of the premiums paid after the date of his alleged total permanent disability, together with the interest thereon.

A copy of the policy was attached to the complaint, and that part of the policy, under which appellee claimed liability, provided for the payment of a monthly income of $10 per month during total and permanent disability, and to waive payments of premiums thereafter, upon due proof of such disability being furnished to appellant insurance company.

Appellant filed its answer in four paragraphs to complaint. The first paragraph was in general denial. The second and fourth paragraphs of the answer admitted the execution of the insurance policy in question, but further alleged that the policy was issued pursuant to an application executed by appellee which application contained questions and answers thereto made by appellee, among which were the following:

"7. Have you ever suffered from any ailment or disease of . . .
    D. Skin, Middle Ear, Eye, Nose, Throat?
    "(Answer) No.
"8. . . .
E. Have you had any ailment or disease not included in your above answers?

"(Answer) Yes—pneumonia and influenza—(No. of attacks) 1 * Jan., 1919—3 weeks—Dr. P. B. Combs, City, Good Recovery.

"9. What physician or practitioner have you consulted or been treated by during the last five years? And for what illness or ailment? (If none, state so.)

"(Answer) No."

That said answers and each of them were false and concerned facts which were material to the risk, and were made by the plaintiff with intent to deceive; and that, if the true facts concerning the health of the applicant at the time of making the application had been known, appellant would not have issued the policy. That at the time appellee made such application, appellee was suffering from chronic skin disease of eczema and ichthyosis hystrix, and within five years prior to the date of said application had consulted with and been treated by physicians and practitioners therefor. Said second and fourth paragraphs of answer allege further that the appellant, immediately upon learning of the misrepresentation of the appellee, notified him that because of the false answers in said application the said policy was not valid from the date of issue, and repaid to the insured appellee all sums of money received from him as premiums for the disability benefits contained in the policy, which premiums the appellee accepted and still retains. By its amended third paragraph of answer, appellant alleged that after the issuance of the original policy sued on herein, the appellee, in writing, requested the appellant to change policy sued on to a twenty payment life policy with double indemnity benefit, but without disability benefits, to be effective as of the date of the original policy, in the same amount and for the same premium as the old policy in respect to liability and double indemnity benefits, which was done by the appellant; and the original policy was sur-

rendered to appellant for cancellation; and at said time appellee herein executed in writing to appellant his release and discharge from all liability under the policy sued on.

Appellee filed his reply in general denial to the second and fourth paragraphs of the answer of the defendant; and, by way of a further reply to the second and fourth paragraphs of answer of the defendant, says that if the answers to the questions propounded to plaintiff and answered in the application for said policy were untrue, that appellant had full knowledge thereof and issued the policy with full knowledge of said facts, and is thereby estopped from setting forth such facts as a defense.

Appellee also filed his reply in three paragraphs to appellant's third paragraph of amended answer. The first paragraph was in general denial; the second paragraph alleged said release set out in said third paragraph of answer was executed without any consideration.

The third paragraph alleged a failure of consideration for the execution thereof.

The cause was submitted to a jury which returned a verdict for appellee in the sum of $2,943.00. Thereafter, appellee filed his offer to remit the sum of $111.00 from the verdict of the jury; and the court, thereupon, rendered judgment for appellee upon the verdict in the sum of $2,832.00.

Appellant filed its motion for a new trial which was overruled by the court.

Error is assigned upon the overruling of appellant's motion for a new trial. It is alleged in the motion that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law; that the court erred in giving and refusing to give certain instructions to

the jury, and in the admission and rejection of certain evidence; and that the verdict of the jury is excessive.

It appears from the evidence that on the 9th day of July, 1923, appellee signed an application to appellant insurance company for the issuance of the policy involved herein, and that thereafter, on the 10th day of July, 1923, said appellee appeared before Dr. William E. Barnes, the medical examiner of appellant, and made answers to numerous questions, among which were the questions and answers as set out in appellant's second and fourth paragraphs of answers. Said medical examiner recommended the risk.

Thereafter, on the 20th day of July, 1923, said policy was issued to appellee, who was then nineteen years old. On the 16th day of June, 1925, appellee filed his claim for total permanent disability, stating cause of disability as ichthyosis of left foot, manifesting itself January 2, 1925. No adjustment was made thereof; but following the filing of this claim, on the 12th day of September, 1925, appellant took up the policy involved herein and substituted a policy containing no provisions for benefits on account of total permanent disability, to be effective as of the date of the original policy.

From early childhood, appellee has been afflicted with an ailment which manifested itself by an itching sensation and by dryness of skin and dandruff over his body. This trouble had, in its early stage, been diagnosed by various physicians as eczema. His mother applied ointments for relief of this condition to parts of his body and such condition yielded temporarily to such treatment. He enjoyed a normal boyhood, engaging in the activities of boys of his age; went through grade school and a year and a half in high school. He suffered no ill health during this time except the itching sensation occasioned by what he considered eczema.

His school attendance was regular. After leaving school, he went to work for the Indiana Bell Telephone Company and worked regularly for three years and a half. Thereafter, he worked at the Trade Extension Bureau and for the Evansville Courier, at which place he was working in 1925. During all the time of this affliction, it was accompanied by dandruff or a white flaky substance on his skin, which was apparent and could be discerned by looking at him.

It appears from the record, that at the time the agents of appellant solicited him to take out this policy, appellee and his mother informed said agent that he was afflicted with eczema and that said agent informed them that eczema would not prevent him from buying a policy, so long as he could pass the examination.

In the latter part of 1924, and early in 1925, a heavy scaly crust first appeared on his feet and continued to get worse. In 1925, he was taken to a hospital in St. Louis; and after an examination there, it was determined that he was afflicted with ichthyosis. About a month prior to his trip to St. Louis, Dr. Rose had informed appellee that he thought he was suffering from ichthyosis but he was not sure. Prior to that time, appellee and members of his family regarded this affliction as eczema, from which he suffered no ill effects except the itching sensation and some slight eruptions of the skin, which yielded temporarily to treatment.

Appellee's exhibit No. 2 was introduced in evidence. This was a proof of loss filed with appellant insurance company by appellee, and there appeared thereon the following notation: "Space below reserved for use at company's home office."

Among other notations appearing thereunder, was the following: "6/23 Ichthyosis not usually disabling or not always permanent."

"Aug. 3/25. Acc. to letter of Dr. Linthicum, insured, since shortly after birth, has been afflicted with a disease which seems to give him more trouble summer than in winter. He is considered to be totally disabled by Dr. Linthicum. A. true diagnosis of insured's skin trouble seems not yet to have been made. It is intended to bring insured before a skin specialist. In view of Doctor's report and statement of Insured's employer, claim would seem approvable, statement of Retail Cr. notwithstanding. Might it not be advisable to inquire from Dr. Linthicum whether he has secured further information as was intended. In view of Doctor's report, question also arises whether insured's trouble was not apparent to Co's Med. Ex. at time insured was examined for Po. AJR."

There is considerable dispute in the evidence relative to the surrender of the policy involved herein, request for change of policy, and the acceptance of the substituted policy, also as to the return of any premiums and to the signing by appellee of the release of all liability under the policy sued on herein.

Louis Levi, local agent for appellant, testified that he talked to Mr. and Mrs. Barry, parents of appellee, and to appellee and arranged to take up the policy herein involved and substitute one without the disability clause; that the appellee signed the request for change of policy, and also signed a release and discharge of appellant from all liability under the original policy in consideration of the return to him of three disability extra premiums of $1.79 each, paid on the original policy; that appellee accepted said return premiums and the substituted policy, and has paid the premiums thereon down to the therein present date, in the sum of $27.41 annually.

Amelia Barry, mother of appellee, testified that Wilbur did not sign the request for a change of policy and did not sign the release and discharge from liability

under the original policy as testified to by the witness Louis Levi; and that Wilbur's father took the original policy to the office of appellant to apply for disability payment; that no money was paid to Wilbur in payment of return premiums on original policy.

Appellee testified that he never knew anything about a policy being substituted until informed by his attorney after the complaint herein had been filed; that he never received any premiums back; that he never saw the release of liability claimed to have been signed by him until the former trial of this case and never did sign it, and did not sign the request for change of policy, nor did he authorize anyone to sign such request and release.

He further testified that his mother paid the premium on his insurance policy; that she paid whatever the statement called for; and that in 1924, it was $31.22, and for some of the years after that time the premium statement called for $29.43.

It appears from the substituted policy that the annual premium to be paid thereon was $27.41.

Samples of the handwriting of appellee were submitted to the jury.

Appellee also introduced in evidence photographs of the legs and feet of appellee, taken in August 1925.

It is contended by appellant that the evidence, without contradiction, establishes the fact that the appellee made answers of facts material to the risk in response to the questions in the application for the policy sued upon, that such answers were false and known by appellee to be false at the time of the execution of the application.

"It is well established that if representations in an application for insurance are false and material, that

is, are such as would have influenced the action of the company upon the application in regard to whether or not it would grant the insurance, the policy will be vitiated unless the company has in some way waived the benefits of it by its conduct and with knowledge of the facts." *Metropolitan Life Ins. Co.* v. *Head* (1927), 86 Ind. App. 326, 328, 157 N. E. 448. *Equitable Life Assurance Society* v. *Strasberg* (1938), 214 Ind. 212, 14 N. E. (2d) 703.

The question as to whether such false elicited answers were material to the risk, is a question of fact to be determined by the jury from the evidence. *Metropolitan Life Ins. Co.* v. *Becraft* (1938), 213 Ind. 378, 12 N. E. (2d) 952.

In determining this question, the jury cannot arbitrarily, where the evidence admits of no reasonable difference of opinion, assert a conclusion contrary to such evidence. In such an instance, where the evidence admits of no difference of opinion, it then becomes a question of law to be determined by the court. *Metropolitan Life Ins. Co.* v. *Becraft, supra.*

The evidence in this case is not of such character as would admit of no reasonable difference of opinion. Indeed, there is much controversy relative to the controlling facts herein.

Considering the evidence relative to the health and activity of the appellee during all his life prior to the issuance of the policy, the further fact that he was informed by appellant's agent that his affliction of eczema would not prohibit him from procuring insurance, and the further statement by the agent that one of the agents of the company was thus afflicted and he was carrying insurance in the company, the further facts that no evidence was introduced by appellant to

indicate whether it would or would not have issued the policy or would have limited the policy had it known the true facts, the statement of the attending physician attached to the proof of loss in answer to question No. 6, "Q. When did the first symptoms of present affliction manifest themselves? A. January 2d, 1925," and a consideration of the action by the company relative to his proof of loss and the statements made thereon, would lead to but the one conclusion that there was such a state of circumstances existing from the evidence that reasonable men might differ in their conclusions therefrom; and this court is not disposed to disturb the verdict by weighing the evidence.

The questions as to whether the policy herein involved was cancelled, premiums returned, release executed, and a new policy issued are likewise questions of fact to be determined by the jury in weighing the evidence; and the jury, having discharged that function, this court, under many authorities, is not authorized to assume the responsibility of weighing such evidence. We deem it sufficient to state that the evidence on these questions is such that reasonable men might differ in their conclusions thereon.

In arriving at the amount of recovery, the jury evidently reached the conclusion that the liability for total disability became fixed; that no substitute policy was ever applied for or accepted by appellee; and that the payments made on such substituted policy were made under the misapprehension that they were being paid on the original policy; and that all of such payments made, together with the sum due for total disability, ought to be recovered by appellee with interest thereon. There is some evidence that would warrant a recovery fixed on that basis; and the jury

having made computation within the evidence, we do not deem the amount recovered is excessive.

Appellant contends that no general instructions were given to the jury. The court gave to the jury sixteen instructions tendered by appellee, nineteen instructions tendered by appellant, and one instruction of its own motion. We think the jury was fairly informed as to the issues that were tried.

"The mere failure of a court to state the issues in the instructions to the jury is not reversible error. If a party desires a full and specific instruction as to what the issues are, it is incumbent on him to prepare such an instruction and present the same to the court at the proper time, with a proper request that it be given. If he fails to do this he has no ground to complain that the court did not state the issues to the jury." *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 459, 78 N. E. 1033.

The court gave to the jury of its own motion its instruction No. 1. By this instruction, it was informed that if it found the plaintiff should recover, it should insert in the blank form of verdict such sum not exceeding blank dollars, the amount demanded in plaintiff's complaint. It is contended that inasmuch as the issues in this cause were joined upon appellee's amended complaint and second supplemental complaint, that this instruction is erroneous and places an erroneous limit on such verdict. However, the court gave appellee's instruction No. 1 which informed the jury that an amended complaint had been filed and an amendment to the amended complaint filed, a supplemental complaint and second supplemental complaint had also been filed, setting out in such instructions the allegations thereof.

Considering the instructions together, we do not think the jury was misled. The erroneous instruction will be considered harmless when the amount recovered was within plaintiff's right to recover. *Carp & Co.* v. *Meyer* (1929), 89 Ind. App. 490, 167 N. E. 151; *Gordon* v. *City of Indianapolis* (1932), 204 Ind. 79, 183 N. E. 124.

We think the amount of the judgment so recovered was within the right of plaintiff to recover under the issues and there was no error in the giving of such instruction.

Appellant contends that the court erred in the giving of instruction No. 12, requested by appellee. This instruction informed the jury that the payment by a debtor of a lesser amount than the amount actually due and to which there was no defense that could be used in good faith or under color of right is not of itself sufficient consideration to sustain a release by the creditor of any other claim against the debtor. The court then applied the law as so stated to the contract of release as set out in the third paragraph of appellant's answer; and stated that if the jury found that the plaintiff had a claim against the defendant, to which there was no defense, in excess of the sum of $5.37, then the agreement to pay the sum of $5.37 would not be a sufficient consideration to support a release of the claim, unless it further found that the appellant promised to do some other act which it was not legally obligated to do.

We think this was a correct statement of the law. The court, by such instruction, informed the jury that if it found that appellant was indebted to appellee at the time of the execution of said release in a greater sum than stipulated therein, then there was no consideration.

"If a debtor pays his creditor at or after the due date less than the liquidated amount due, this is not satisfaction, because there is no consideration." *Princeton Coal Co.* v. *Dorth* (1922), 191 Ind. 615, 618, 133 N. E. 386, 500, 134 N. E. 275.

Appellant complains next relative to the giving of instruction No. 13 tendered by appellee. This instruction informed the jury that if appellant failed to return all premiums paid for permanent disability to appellee, or to someone else with his knowledge and ratification, and did nothing else required to be done by it under the agreement, then the consideration for the release failed and the release would not be binding upon appellee. The objection raised to this instruction is that there is no evidence to which the instruction is applicable.

Appellant apparently overlooks the fact that appellee denied the execution of the release, denied receipt of any return premiums, and the signing of any request for a change in policy, and receipt of a substituted policy. Under this state of the record, we think the instruction was proper.

The record would also indicate that instruction No. 14 tendered by appellee and given by the court was proper and applicable under some phase of the evidence submitted to the jury.

Instruction No. 15 informed the jury that if the father of appellee surrendered the policy in suit and accepted a substituted policy without authority or ratification by appellee, that such surrender would not bar recovery by appellee.

There is some evidence tending to prove that appellee executed the surrender agreement, but there is further evidence by appellee himself that he did not execute such agreement. In fact he denies, *in toto,* having anything to do with the surrender of the original policy,

application for a change of policy, receipt of return premiums, and execution of the release.

We do not think this instruction is subject to the criticism that there was no evidence under which it was applicable.

Objection is made by appellant to instruction No. 16 given to the jury upon request of appellee for the reason that the instruction erroneously defined the measure of recovery and wholly omitted any consideration of the refund of the premiums both for total and permanent disability.

This instruction informed the jury that if it found for the plaintiff, in arriving at the damages to be recovered, the jury should take the sum of $10 per month from the time that proofs of loss were submitted to the insurer and add thereto $10 each month thereafter up to and including the time of filing of the second supplemental complaint and add interest thereto at the rate of 6 per cent per annum from the time said sums became due and payable and to add thereto all such premiums paid from the time said proofs were submitted with interest at the rate of 6 per cent per annum from the date same were paid and return a verdict in the total sum so computed. This instruction does omit from any consideration the return of premiums paid. However, by instruction No. 8 tendered by appellant, the jury was instructed that if it found that the defendant insurance company and the plaintiff agreed to a cancellation of the policy and a refund of premiums for total disability and the insurance company refunded plaintiff all the premiums paid by him on account of such disability that the plaintiff is not entitled to recover.

Considering these instructions together, it would appear that the instructions were to the effect that if

the plaintiff had accepted the premiums paid, he could not recover; consequently, if he did recover, it must be under the theory that such premiums were not returned and consequently should not be considered in arriving at the verdict.

We do not think the jury was misled by this instruction as evidenced by the amount found due in the verdict.

Appellant next contends that the court erred in refusing to give to the jury appellant's instruction No. 16.

This instruction informed the jury that the policy in issue was a contract and should be considered as any other contract, and the fact that one of the contracting parties was an insurance company should not influence the jury in favor of one or against the other, and that both were entitled to impartial justice. This was a proper instruction, but we do not deem the refusal to give the same error.

In the case of *Grand Rapids & Indiana Railroad Company* v. *Horn* (1873), 41 Ind. 479, 484, the court said, "There are some things that must be taken as true in judicial as well as in other investigations. We think it fair to presume that jurors in any part of the State of Indiana are sufficiently intelligent to know that their duty, when sworn as such, requires them to decide the case according to the evidence, and without prejudice, partiality, or favor, and that the court cannot be said to have committed an error in not reminding them of that duty."

Further objection is made to the refusal of the court to give appellant's instruction No. 18. By this instruction, appellant sought to charge the jury that the applicant was under a duty to read his application; that he was bound to know the contents of the final application. We think this instruction was

fully covered by appellant's instructions Nos. 17 and 24 and would have been surplusage.

Appellant contends that the court erred in refusing to give appellant's instruction No. 22. This instruction contained the following statement, "The court instructs you that under the law of this state each of said answers to each of said questions was material to the risk assumed by the defendant insurance company in its issuance of the policy containing the disability provision sued on."

This is not a correct statement of the law. The rule in this state is that the question of materiality is a question of fact for the jury to determine when the evidence admits of a difference of opinion. *Metropolitan Life Ins. Co.* v. *Becraft, supra.*

Appellant contends there was error of the court in admitting in evidence that part of the paper identified as plaintiff's exhibit No. 2 following the words, "Space below reserved for use at company's home office." Objection is made that there was no showing of proof that the person or persons who made the notations were agents or were authorized by appellant to make declaration or admission which would bind appellant.

Appellee contends that no question is presented under this proposition for the reason that the motion for a new trial as set out in the brief of appellant does not set forth the grounds of objection to the admission of this part of the exhibit. It is true that the motion for a new trial as set out in the brief does not state the objection nor the substance thereof. Neither does the motion for a new trial set out in the transcript state the objection or the substance thereof. In the case of *Coca Cola Bottling Co.* v. *Wheeler* (1935), 99 Ind. App. 502, 504, 193 N. E. 385, this court said,

"As to the question on the admission of the evidence, and the refusal to strike out the answers, the motion for a new trial does not raise any question thereon. In no instance does the motion for a new trial set out the objection to the offered testimony, nor does it state the substance thereof." There is no question presented upon the admission of testimony.

Finding no reversible error, the judgment herein is affirmed.

NOTE.—Reported in 32 N. E. (2d) 599.