METROPOLITAN LIFE INSURANCE COMPANY v. HEAD.

[No. 12,706.    Filed July 1, 1927.]

1. INSURANCE.—*False representations as to ·insured's physical condition vitiates the policy, unless waived.*—If representations in an application for insurance are false and material, that is, are such as would have influenced.the action of the insurer in regard to whether or not it would grant the insurance, the policy will be vitiated unless the insurer has in some way waived such fraudulent representations.    p. 328.

2. WITNESSES.—*Competency of physicians to testify as to the rendition of professional services.*—A physician is competent to testify as to the fact of his employment by his patient, the rendition of professional services, and the dates thereof, notwithstanding the provision in §550 Burns 1926 that physicians shall not be competent witnesses as to matters communicated to them by their patients in the course of their professional duties. p. 328.

3. WITNESSES.—In this state, competency is the rule and incompetency is the exception, and what the statute does not exclude is competent.    p. 328.

From Howard Circuit Court; *John Marshall,* Judge.

Action by Dollie Oyler Head against the Metropolitan Life Insurance Company.    From a judgment for the plaintiff, the defendant appeals.    *Reversed.*    By the court in banc.

*Conrad Wolf, Earl B. Barnes, C. W. Roll* and *George B. Shenk,* for appellant.

*Carl J. Broo* and *Overson & Manning,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover on an insurance policy issued on the life of Charles Oyler.    Appellee filed her complaint in one paragraph, to which appellant filed answer in general denial, and a second paragraph in which it is alleged that the policy was void by reason of certain misrepresentations, hereinafter mentioned, with reference to the health of the insured in his application at the time the policy of insurance was secured.    Reply in general de-

nial. Trial by the court without the intervention of a jury, and finding for appellee in the sum of $180. Appellant's motion for a new trial was overruled and judgment was rendered on the finding, from which this appeal, appellant assigning as error the court's ruling on the motion for a new trial.

It was expressly provided in the policy, which was by exhibit made a part both of the complaint and the second paragraph of answer, and which was in evidence, that it should be void if the insured had, before its date, been attended by a physician for any serious disease or complaint, or had any disease of the heart, liver or kidneys; and, in another part of the policy, it was provided that no obligation was assumed by appellant unless, on the date of the policy, the insured was alive and in sound health.

In his application for insurance, the insured, in answer to questions, stated, *inter alia*, that he had had no disease of the kidneys, that the last physician who had attended him was Dr. Stone, in the year 1897, who treated him for pneumonia, that he had not been under a physician's care for the last two years, and that he had stated every case when he had consulted or received treatment from a doctor, at his office or elsewhere.

The policy was issued in August, 1920. Paul Oyler, a son of the insured, testified that his father, on Easter Sunday, in 1920, came to Kokomo and called on Dr. Willyard for treatment; that he went at the request of an uncle, and that his father told him that he had symptoms of diabetes. That his father came to Kokomo every two weeks for treatment, and that, after moving to Kokomo, he visited the office of Dr. Willyard three or four times a week, until he started to doctor with Dr. Flora, and that Dr. Flora told him the same as Dr. Willyard. He further testified that his father doctored with Dr. Otto of Alexandria before he moved to

Kokomo, and that, at the time he made his application for insurance, he was doctoring with a physician in Wabash for diabetes. Victor Oyler, a brother of the insured, testified that the insured came to Kokomo for the purpose of seeing a doctor, and that he called on Dr. Willyard, who told him that he had diabetes. The evidence of the son and the brother is wholly uncontradicted. It is hardly necessary for us to say that the finding of the court is not sustained by sufficient evidence.

It is well established that if representations in an application for insurance are false and material, that is, are such as would have influenced the action 1. of the company upon the application in regard to whether or not it would grant the insurance, the policy will be vitiated unless the company has in some way waived the benefit of it by its conduct and with knowledge of the facts. *Indiana Insurance Co.* v. *Brehm* (1883), 88 Ind. 579, 581; *Schas* v. *Equitable, etc., Ins. Co.* (1914), 166 N. C. 55, 81 S. E. 1014; *McDermott* v. *Modern Woodmen* (1903), 97 Mo. App. 636, 71 S. W. 833. There is no claim that there was any waiver on the part of the company in this case.

Drs. Willyard and Flora were called as witnesses and, after testifying to the fact of their employment as the insured's physicians, and to their treatment of 2, 3. him for diabetes, their evidence was, on motion, stricken out, on the ground that it was privileged. Section 550 Burns 1926, provides that physicians shall not be competent witnesses as to matters communicated to them as such by patients in the course of their profession, or advice given in such cases. But this statute does not prohibit physicians from testifying to the fact of employment, and the rendition of professional services, and the dates thereof. What the statute does not exclude is competent. Competency is the rule, and in-

competency is the exception.  *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592.

Reversed.

Dausman, J., absent.