WILLIAM M. CROSS, Appellee, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

No. 45190.

AUGUST 6, 1940.

Leo A. Hoegh and H. K. Evans, for appellee.

Henry & Henry and T. W. Miles, for appellant.

HAMILTON, J.—The defendant issued a policy of life insurance to one Edward F. Dieter, bearing date of October 6, 1933, for $1,000 in which William M. Cross was subsequently named as beneficiary. The assured died on July 21, 1935. The policy was issued without a medical examination pursuant to an application which was made a part of the policy. In Part I of said application, the assured agreed that all of the answers contained in Part II were true and were offered to the defendant as an inducement to issue the policy applied for. Part II contained a personal history, consisting of questions and answers, relating to applicant's condition of health, previous diseases, consultations with physicians and treatment in hospitals and contained an agreement that the answers were part of the application and that they were true and were offered to the defendant as an inducement to issue the policy. In answer to questions in said application, the applicant stated that he had never been under observation or had treatment in any hospital; that he had never been treated for various diseases enumerated in question No. 9, which include ulcer and diseases of the stomach; that he had never had any other illness or injury not mentioned in the list of specific diseases; and that no physician or practitioner had been consulted by him or treated him during the past five years. After the plaintiff had rested his case, the defendant offered to prove by a physician that he had attended the assured in his professional capacity

on thirteen separate occasions from January 16, 1929, to February 9, 1929; that, when the assured first consulted him, he complained of intestinal disturbance and indigestion; that, after examination, the doctor advised X-ray for diagnosis and, at the time, made a tentative diagnosis of peptic ulcer, advising a smooth diet. While under treatment, the assured vomited a large quantity of blood and had passed blood through his bowels for about a week; that he treated the assured until the hemorrhage had ceased. All this testimony was objected to by the plaintiff on the ground that the witness was incompetent, under section 11263 of the 1935 Code of Iowa, being privileged communications, and the objections were sustained. This ruling presents the basis for the first assignment of error, appellant contending that the privilege was waived because of the statement in the application for the policy wherein the assured said that he had not consulted or been treated by any physician or practitioner within the last five years.

Appellant cites and relies upon Pride v. Inter-State Bus. Men's Acc. Assn., 207 Iowa 167, 216 N. W. 62, 62 A. L.R. 31, and Jacobs v. City of Cedar Rapids, 181 Iowa 407, 164 N. W. 891. The application was dated October 7, 1933, and the consultations and treatments, which the defendant offered to prove, occurred between January 16, 1929, and February 9, 1929, and on January 1, 1932. In the first cited case, at page 175, we said:

"It is undoubtedly true that a patient may waive his privilege, and that he may do so by contract in advance."

Said case turned on the question that the treatments or consultations were had after the date of the application and did not fall within the waiver. In the Jacobs case, supra, at page 410, while on the witness stand on cross-examination, the assured testified:

" 'I did not consult any doctors in regard to my health before my accident.' "

In that case, a medical witness for the defendant testified that he had attended the plaintiff on several occasions in the past and had given her medical treatment. This was objected to on the ground that it was privileged. The court said, at page 410, with reference to the statement of the plaintiff, that she had not consulted a doctor:

"Had this been said in her examination in chief, we should be constrained to hold that the relation which creates the privilege did not exist, and this though the doctor testifies it did ` exist."

Later in the opinion, the court further stated, at page 411:

"We are of opinion that, when plaintiff testified, though on cross-examination, that no relation existed upon which the claim of privilege could rest, she settled, at least for that trial, that her objection was not well taken."

However, the court said it was unable to determine whether the error was prejudicial for the reason there was no offer of proof that the doctor's testimony concerning the treatment administered was for something, the existence of which would have tended to show that the fall of the plaintiff did not cause the injuries of which she complained.

Appellant seeks to apply the rule announced in the last cited case to the present situation, where the answer of the assured, which negatives the relationship of physician and patient, is contained in the application. After careful consideration, we are inclined to disagree with able counsel for appellant. The company had the right, before issuing the policy, to require a physical examination by a physician of its own choosing and it might have incorporated in the application an express waiver of the right to claim the privilege. Instead of availing itself of these rights, it chose to rely on the representations of the applicant. The company was required to take cognizance of the statutory law relating to privileged communications and, hence, knew that, in case of loss

and an attempt to use as a witness a physician whom the assured had consulted professionally, in order to prove misrepresentations, it might be met with the objection that the knowledge thus acquired by the physician would be claimed as privileged.

We think the rule should be that, when it is made to appear to the trial court that the relationship of physician and patient existed, the bar of the statute should be held applicable. The fact that the applicant stated in his application that he had consulted no physician should not be held to be a waiver of the privilege of the statute when it is made to appear, for the first time, by the physician, as a witness for defendant, that, in fact, such relationship did exist. Assured also said in the application that he did not have ulcer or stomach trouble. No one would contend that this amounted to a waiver of the privilege so as to permit the defendant to call as a witness the physician who treated the assured and show by him that this statement was untrue; that he did, in fact have ulcer; and that he, the attending physician, treated him for such. Until the plaintiff opens the door by introducing testimony bearing on the subject matter which is claimed to be privileged, the defendant may not enter the field unless there has been an express waiver by the assured to claim the privilege. Such waiver has been strictly construed by our own court in the case cited by appellant, Pride v. Interstate Bus. Men's Acc. Assn., supra, while at the same time announcing the rule of liberal interpretation in protecting the confidence reposed by a patient in his physician. While not disturbing the rule announced by Judge Salinger, in the Jacobs case, supra, we doubt its soundness and no other case may be found which applies the rule of waiver to statements made on cross-examination. In fact, in this respect, it seems in principal to run contra to the general rule and the rule of this court. See Walmer-Roberts v. Hennessey, 191 Iowa 86, 93, 181 N. W. 798, and cases cited. We decline to extend this doctrine so as to embrace the statement in the application in the instant case.

■ Defendant offered to prove by testimony of Dr. Wood, an osteopathic physician, that he attended assured on the dates above mentioned and that he took him to a hospital where he spent the night. Objection was sustained to this line of testimony on the ground same was privileged. In this, the court erred. Nelson v. Nederland Life Ins. Co., 110 Iowa 600, 81 N. W. 807. That the physician attended him and prescribed, involved no disclosure of any information obtained professionally. See also: Price v. Standard Life & Acc. Ins. Co., 90 Minn. 264, 95 N. W. 1118; Sovereign Camp W. O. W. v. Grandon, 64 Neb. 39, 89 N. W. 448; Metropolitan L. Ins. Co. v. Head, 86 Ind. App. 326, 157 N. E. 448; Chadwick v. Beneficial L. Ins. Co., 54 Utah 443, 181 Pac. 448; Eklund v. Metropolitan L. Ins. Co. (Utah) 57 Pac. 2d 362; Lincoln Nat. L. Ins. Co. v. Hammer, 8 Cir., 41 Fed. 2d 12. Appellee contends that the error was without prejudice. Certainly this cannot be true where, as in the instant case, the policy was issued without medical examination. As stated by this court in the Nelson case, supra, at page 602:

"If the insured consulted a physician, even though for a disease other than that from which death resulted, or from apprehension of having some ailment, the defendant was interested in knowing the fact, that further investigation might be made. By the answers that none had been seen, it may have been induced to refrain from doing so."

■ To ascertain the cause of death an autopsy was held. Defendant offered to prove by Dr. Ransom that he was present at such autopsy and that, in his opinion, based solely on what he observed at the autopsy, the cause of the assured's death was a perforated duodenal ulcer. The court excluded this proffered testimony on the same ground, namely, that same was privileged. In so ruling, the court again committed error. The relation of physician and patient ends when the death of the patient ensues. Travelers Ins. Co. v. Bergeron, 8 Cir., 25 Fed. 2d 680; Chadwick v. Beneficial L. Ins. Co., supra.

■ The trial court was likewise in error in not permitting

the defendant to show that the company relied upon the false statements made by the assured and that had the truth been revealed the application would not have been approved nor the policy issued.

For the reasons indicated, the judgment of the trial court must be and is reversed and the case remanded.—Reversed and remanded.

RICHARDS, C. J., and SAGER, OLIVER, and MITCHELL, JJ., concur.

BLISS, J., concurs in result.