PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* HETTMANSPERGER

[No. 17,185.   Filed February 7, 1944.]

*Van Atta, Batton & Harker,* of Marion, for appellant.

*Charles L. Garrison,* of Marion, for appellee.

DRAPER, J.—Appellee sued appellant on a policy of life insurance issued to her deceased husband, which policy named her as beneficiary. From an adverse judgment the appellant appeals and assigns as error the overruling of its motion for new trial, which asserts that the verdict of the jury is not sustained by sufficient evidence and that it is contrary to law.

The appellant alleged in its answer that the insured made representations of fact in his application for insurance which were false and material, and that it relied upon them in the issuance of the policy, which policy it would not have issued had the application recited the truth. No other reason for the denial of a recovery is claimed.

The evidence shows without contradiction that the insured made application for the insurance on February 22, 1941, the policy was issued March 3, 1941, and he died May 14, 1941, the immediate cause of death being carcinoma of the lung, the contributing cause chronic myocardial degeneration. He first consulted his own physician on December 6, 1940, because he was short of breath on the least exertion and had a cough. His doctor then advised him he had heart trouble—that he had myocarditis and must rest and do no more work. He was given medicine for the heart condition and thereafter he called at the doctor's office every week or ten days to and including March 22, 1941, each time receiving more medicine.

On February 22, 1941, upon which day he also called upon his own doctor, the insured was examined by the appellant's doctor and he then made the written application in which he represented that he had no physical defect, that his health was good, that he had never been sick, had never had cancer or any disease of the heart, and had not been treated by a doctor within three years.

The appellant's doctor believed the statements, and because of his reliance on them, failed to exercise the assured before examining his heart, and, therefore, did not detect the heart and lung conditions, which had a definite connection, and so recommended him to appellant for insurance. The insured could not have passed this examination and the policy would not have been issued had the truth been stated. Appellant refused payment, tendered the return of the premium received and kept the tender good. The insured's physician testified without objection on the part of anyone.

That the representations made by the insured were false cannot be doubted. Indeed, their falsity is not denied. That the information withheld was of such a character that it might reasonably have influenced the company's judgment in deciding whether to accept or reject the risk seems equally apparent, and the representations were, therefore, material. *New York Life Ins. Co. v. Kuhlenschmidt* (1938), 213 Ind. 212, 11 N. E. (2d) 673, (1941), 218 Ind. 404, 33 N. E. (2d) 340. If the representations were false and material, the policy will be vitiated unless the company has somehow waived the benefit of it by its conduct and with knowledge of the facts. *Equitable Life Assurance Society v. Strasberg* (1938), 214 Ind. 212, 14 N. E. (2d) 703; *Metropolitan Life Ins. Co. v. Head* (1927), 86 Ind. App. 326, 157 N. E. 448. In this case no such waiver was asserted.

Where the evidence is such that reasonable men might differ in their conclusions, the question of the materiality of such representations is one of fact to be determined in the same manner as other questions of fact, but the jury may not arbitrarily decide the question contrary to all of the evidence in the case. *Metropolitan Life Ins. Co. v. Be-*

*craft* (1938), 213 Ind. 378, 12 N. E. (2d) 952. The evidence in this case was not such that reasonable men might differ in their conclusions, but on the contrary compelled a conclusion opposite to that reached by the jury.

The judgment must be and is reversed, and cause remanded with instructions to sustain appellant's motion for new trial.

NOTE—Reported in 52 N. E. (2d) 847.