**Mrs. Florence KARNO, Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 3444.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 3, 1956.

Rittenberg, Weinstein & Bronfin, Robert Weinstein, New Orleans, La., for plaintiff.

Phelps, Dunbar, Marks, Claverie & Sims, Blake West, New Orleans, La., for defendant.

WRIGHT, District Judge.

On November 1, 1950, defendant issued a policy of insurance on the life of David Karno in the amount of $5,000, in which policy plaintiff was named beneficiary. Karno died of heart disease on April 12,

1951, within the contestable period[1] on the policy, and defendant has refused plaintiff's demand for payment in accordance with the terms of the policy because of misrepresentations made by Karno in the application for the insurance.

In the application, Karno stated that he had never had an ailment or disease of the heart, that he had not consulted or been treated by a physician within five years preceding the date of the application other than a routine physical examination made by Dr. D. W. Goldberg, that no treatment was prescribed by Dr. Goldberg, that the results of the routine physical examination were negative, and that his first and last visit to Dr. Goldberg was in 1948.

The report on the autopsy made on Karno after his death shows the causes of death as chronic cardiac hypertrophy and dilatation, coronary arteriosclerosis and fibrosis of the myocardium. Investigation by defendant subsequent to assured's death revealed that Karno was a patient of Dr. Manuel Gardberg from March 12, 1945 to November 11, 1947, that medical examinations, including six electrocardiograms during this period, showed that Karno suffered from coronary disease, that a diagnosis of angina pectoris was made, that Dr. Gardberg prescribed taking of nitroglycerine for attacks of pain and advised Karno, because of his heart condition, to avoid physical, mental and emotional fatigue. Dr. Gardberg testified that while he could not definitely recollect advising Karno as to his condition, he was confident that he did so, that it was his practice to tell his heart cases of their condition and to warn them against fatigue of any kind.

The medical testimony showed that angina pectoris is a heart disease caused by coronary narrowings, impairment of the blood supply to the heart, and damage to the myocardium or heart muscle. It is characterized by severe attacks of pain in the chest and a feeling of suffocation and impending death. It tends to shorten the life of the individual afflicted with it. It is a cause of sudden death. The autopsy findings as to the cause of death were consistent with the diagnosis made by Dr. Gardberg during the time he was treating Karno for heart disease. In other words, Karno's death was caused by the condition for which he was treated by Dr. Gardberg.

The policy of insurance was issued to Karno by the defendant without referring the application therefor to the defendant's medical division for consideration because the application contained no adverse medical history. If it had been disclosed on the application that Karno had been treated for heart disease, the policy would not have been issued. At the very least, the company would have consulted Dr. Gardberg as to his diagnosis and treatment of Karno, and the result of that inquiry would have led to a denial of the application for insurance.

The plaintiff contends that the defendant has the burden of proving fraudulent misrepresentations of material fact by the insured to avoid payment of the policy. She argues that her husband had not been to a doctor for over two years prior to the application for insurance, that he enjoyed good health during that period, that he was not aware that he had a heart condition and, therefore, did not intentionally deceive the company in his application for insurance. Defendant, assuming the burden of proof, argues that under LSA–R.S. 22:619 subd. B,[2] it is not required to prove fraud in order to void the policy, that any false

1. LSA–R.S. 22:170, subd. A(2).

2. LSA–R.S. 22:619, subd. B, reads as follows:

"B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

statement in the application which materially affects the acceptance of the risk or the hazard assumed by the insurer bars plaintiff's right to recover under the insurance contract.

■■ The position taken by the defendant is right as a matter of law and it has made good its defense under LSA–R.S. 22:619, subd. B. It is not incumbent on the defendant to prove fraud on the part of the insured in order to void the policy. The intent of the applicant or his good faith in making a false statement in an application for life insurance is not relevant under LSA–R.S. 22:619, subd. B, as it is under 22:619, subd. A,[3] which refers to applications for insurance generally. Under 22:619, subd. A, no oral or written misrepresentation or warranty in the negotiation of an insurance contract by the insured can defeat or avoid the contract unless the misrepresentation or warranty is made with the intent to deceive. LSA–R.S. 22:619, subd. B, carves out an exception to that general rule, limited to life, health and accident insurance. Under that exception, the insurer may avoid the policy because of a false statement made in the application if that false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer. So, irrespective of Karno's possible good faith in thinking at the time he applied for the insurance that he was not suffering from heart disease, the fact remains that he did make false statements in the application to the effect that he had never been treated for a heart condition.[4] The fact that Karno was a heart case at the time he applied for the insurance obviously affected the hazard assumed by the insurer in issuing the policy.[5] Certainly, if the insurer had known of Karno's heart disease history, the risk would not have been accepted.

This case is ruled by the decision of the Fifth Circuit in Rhodes v. Metropolitan Life Ins. Co., 172 F.2d 183.[6] In fact, the defense here is stronger than in the Rhodes case because here the assured died of the very disease he had failed to disclose in his application for insurance, whereas in Rhodes the assured died of a heart condition after failing to disclose a history of diabetes.

Judgment for defendant.

---

3. LSA–R.S. 22:619, subd. A, reads as follows:
"A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive."

4. Plaintiff's suggestion that the assured was not aware of the fact that he had heart disease, and had been treated therefor by Dr. Gardberg, is incredible. Dr. Gardberg could not remember advising Karno of his heart condition, but it was his invariable practice so to do with heart patients. Moreover, it is unreasonable to believe that a man subjected to the pain of angina pectoris, the use of nitroglycerine when the pain became acute, and six electrocardiograms did not suspect he was being treated for a heart condition.

5. It is universally held that a misrepresentation as to a heart disorder in an application for life insurance is material to the risk assumed by the insurer. See Sun Life Assur. Co. of Canada v. Maloney, 5 Cir., 132 F.2d 388; Metropolitan Life Ins. Co. v. Cohen, 2 Cir., 96 F.2d 66; Gruskin v. New York Life Ins. Co., D.C., 33 F.Supp. 21; Tolar v. Metropolitan Life Ins. Co., 297 N.Y. 441, 80 N.E.2d 53; Prudential Ins. Co. of America v. Hettmansperger, 114 Ind.App. 453, 52 N.E.2d 847; Glickman v. Prudential Ins. Co. of America, 151 Pa.Super. 52, 29 A.2d 224; New York Life Ins. Co. v. Rotman, 231 Iowa 1249, 3 N.W.2d 603; Kaplan v. Equitable Life Assur. Soc., 254 App.Div. 236, 4 N.Y.S.2d 758; Whitney v. West Coast Life Ins. Co., 177 Cal. 74, 169 P. 997.

6. See also Jefferson Standard Life Ins. Co. v. Stevenson, 5 Cir., 70 F.2d 72; Lee v. New York Life Ins. Co., 144 La. 445, 80 So. 652.