STEELE, PLAINTIFF-APPELLANT, *v.* TRUE TEMPER CORPORATION, AND ASHTABULA (CITY), DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Ashtabula County.

No. 564. Decided December 5, 1961.

*Mr. Tom R. Bailey*, for plaintiff-appellant.

*Mr. Gordon L. Nazor*, for defendant-appellee, True Temper Corporation, and *Mr. E. Terry Warren* and *Mr. Ronald Varckette*, for defendant-appellee, City of Ashtabula.

GRIFFITH, J. This is a personal injury action wherein the plaintiff is seeking to recover against two defendants, True Temper Corporation, a corporation, and the City of Ashtabula, for injuries which she alleges she suffered by reason of a fall on the sidewalk.

On August 25, 1961, the Common Pleas Court after hearing was had, and a record taken which is before us as a bill of exceptions, made the following entry:—

"On May 2, 1961, this cause was heard upon the motion of the defendant, True Temper Corporation, to require the plaintiff to submit to a physical examination. Upon consideration whereof, said motion is sustained, and it is ordered that said plaintiff, Louise Steele, submit to a physical examination by J. Richard Nolan, M. D., an orthopedic surgeon of Ashtabula, Ohio, who is hereby selected by this Court as a qualified physician to perform such examination.

"It is also ordered that copies of the medical report or reports of Dr. Nolan be submitted only to the defendants, True Temper Corporation and City of Ashtabula, or to their attorneys; and that copies of said reports shall not be delivered to plaintiff or to her attorney without express consent of both defendants. It is further ordered that the attorney for the plaintiff and/or plaintiff's physician may be present at said examination. Exceptions noted."

Thereafter the plaintiff filed her notice of appeal on questions of law within rule seeking a reversal of this order, and the matter comes before us now on the motion of the defendants below for the dismissal of the plaintiff's appeal for the reason that the same is not taken from a final appealable order.

Was the order of August 25, 1961, a final order within the provisions of Section 2505.02, Revised Code? The pertinent part of such section is as follows:—

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial."

In our opinion a substantial right of the appellant was not affected. The appellant has her day in court. No substantial right has been adjudicated. There is no final order or judgment disposing of the whole case, or some separate and distinct branch thereof.

The motion to dismiss the appeal is hereby sustained.

BROWN, P. J., DONAHUE, J., concurs.