## SHANEFF *v.* SABO

[No. 20,653. Filed June 5, 1968. Rehearing denied July 16, 1968. Transfer granted October 11, 1968.

*Gerald C. Purdy* and *Frank E. Spencer* of Indianapolis, for appellant.

*James L. Tuohy* and *Schortemeier, Eby & Wood,* of counsel, all of Indianapolis, for appellee.

PFAFF, J.—Appellant brought this action aaginst appellee in the Superior Court of Marion County, Room No. 2, for damages for personal injuries and property damages allegedly sustained by him in an automobile collision between appellant and appellee. The complaint prayed for damages in the sum of $65,000.00.

The collision which was the subject of this action occurred on August 2, 1964, on Kessler Boulevard, North Drive, Indianapolis, Marion County, Indiana, between a car owned and operated by appellant, who was turning into his driveway, and a car owned and operated by the appellee, which had been proceeding on Kessler Boulevard in a Northerly direction behind appellant's car, and which struck the appellant's car on the right side as the turn was being made. The evidence was sharply conflicting as to whether or not appellant operated his car to the left of the center of the road immediately before turning, whether the appellant made his turn signal before turning into the entrance of his driveway, whether or not the appellee failed to keep her car under control, and whether or not she had consumed more than a moderate amount of alcoholic beverages shortly before the accident.

Trial was held by jury which returned a verdict in favor of appellee and against appellant. The court then entered the following judgment:

> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the deft. have and recover from the plaintiff with costs of this action expended and taxed at $————.''

Thereafter, appellant filed a motion for new trial, assigning as error the following specifications pertinent to this appeal:

### 1.

"The Court abused his discretion in that he, over the objection of the plaintiff, failed and refused to excuse the jury during discussion of procedure relative to plaintiff's invoking the privileged communications rule, by which the plaintiff was prevented from having a fair trial.

\* \* \* \* \* \*

### 3.

"The verdict of the jury is contrary to law.

\* \* \* ∎ \*

### 6.

"The Court erred in permitting, over objections of the plaintiff, one Dr. George A. Clark to answer a question as to whether or not he was a treating doctor of the plaintiff when the plaintiff previously had invoked the privileged communications rule of law in this cause.

### 7.

"The Court erred in permitting, over objections of the plaintiff, one Dr. John H. Warvel, Jr., to answer a question concerning whether or not he was a treating doctor of the plaintiff when the plaintiff had previously invoked the privileged communications rule in this cause."

Said motion for new trial was overruled and this appeal followed.

Appellant, in his brief, combines the aforementioned grounds of said motion for new trial and supports them by one argument. He first alleges that the trial court erred in permitting, over his objection, the giving of the testimony of the two doctors as to whether or not they were the treating doctors of the appellant.

The appellant also contends that the trial court abused its discretion by refusing to excuse the jury during the discus-

sion of the procedure relative to the invocation of the priviledged communication rule as to the two doctors, Clark and Warvel, over his objection and after his request. The parts of the record applicable to this issue are as follows:

"*GEORGE A. CLARK,* a witness called on behalf of the defendant, who after first being sworn to testify the Truth, testified as follows:

"*DIRECT EXAMINATION*

"*QUESTIONS BY MR. TUOHY:*

"*MR. PURDY:* Will the Court, if it please, excuse the Jury.

"*THE COURT:* For what reason, Mr. Purdy?

"*MR. PURDY:* I want to make an objection here out of the presence of the Jury.

"*THE COURT:* There hasn't been anything said yet. I don't know what this man is going to testify to. Let's find out what it's all about. It's Mr. Tuohy's witness.

\* \* \* \* \*

"Q. Doctor, in the practice of opthalmology here in Indianapolis, have you had occasion to serve as the opthalmologist or eye doctor for Mr. Minche Shaneff, the plaintiff here?

"*OBJECTION BY MR. PURDY:* We object even to that question, your honor. That is, I don't have to tell you, it's a sacred relationship and he doesn't want to waive it. I don't want to get involved where there may have to be an appeal. I'd rather dismiss this suit than get involved in some sort of a controversy where we would have to go to the Appellate Court. I'd rather dismiss it and start all over. To be quite frank about it, I just don't want to face an appeal and have a lot of extra expense.

"*THE COURT:* Mr. Tuohy, what is the purpose of this examination? There has been no waiver.

"*MR. TUOHY:* Your honor, this witness appears not voluntarily. I subpoenaed him. We had had a previous Court order to take his sworn statement which was taken.

"*MR. PURDY:* And there's an objection to that record, your honor, against his testimony, and that was not presented for a ruling to this Court prior to him being submitted today. For this, Court would have had to rule then.

"*MR. TUOHY:* That's right. The witness, as I say, responded to my subpoena. He's not our doctor. He's Minche Shaneff's doctor. But the cases, and we recognize the privilege.

"*MR. PURDY:* (interposing) Let's argue this out of the presence of the Jury please.

"*THE COURT:* We'll excuse the Jury for about ten minutes.

"*JURY IS EXCUSED.*

\*   \*   \*   \*   \*

"*JURY IS RETURNED TO JURY BOX*

"*THE COURT:* Read the question.

"*REPORTER:* Doctor, in the practice of opthalmology here in Indianapolis, have you had occasion to serve as the opthalmologist or eye doctor for Mr. Minche Shaneff, the plaintiff here?

"A. I have.

"*THE COURT:* Now, next question.

"Q. And when did you first see or treat Mr. Shaneff?

"*OBJECTION BY MR. PURDY:* Now I have to object as a matter of law, not as a personal thing, but because of this law that I feel I'm bound under, that he's invading now the field of privileged communication in the absence of a specific waiver either written or oral or by implication or implied waiver which doesn't exist.

\*   \*   \*   \*   \*

"*THE COURT:* Now Mr. Tuohy, do you have any remarks?

"*MR. TUOHY:* Your honor, I'm satisfied that from the case I submitted earlier that that is not the law applicable to this case. I'm satisfied that we should hear from this witness. If the plaintiff is insistent that we not hear from this witness and claims the privilege; it's, of

course, up to the Court to rule. I'm satisfied that the facts are being suppressed.

"*MR. PURDY:* That isn't fair. I move that that be stricken.

"*THE COURT:* That goes out. The objection will be sustained. Let the record show that the objection will be sustained."

The record also reveals that the testimony of Dr. John H. Warvel, Jr., progressed no further than that of Dr. George A. Clark.

The Acts of 1881 (Spec. Sess.), Ch. 38, § 275, as found in § 2-1714, Burns' 1968 Replacement, state in part as follows:

"The following persons shall not be competent witnesses:

\* \* \* \* \*

"Fourth. Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases."

In the case of *Haughton v. Aetna Life Ins. Co.* (1905), 165 Ind. 32, 35, 73 N.E. 592, 74 N.E. 613, our Supreme Court, citing our privileged communications statute, § 2-1714, Burns', *supra,* stated:

"Competency to testify is the rule, and incompetency is the exception. No person will be excluded from testifying, and no testimony will be rejected, unless within the inhibition of the statute. The statute in no manner attempts to prohibit a physician from testifying to the fact of his employment, and the rendition of professional service to a patient. Such facts are not secret and confidential, but may be, and usually are, known by other persons. The statute only forbids the physician from making public matter concerning his patient communicated to or learned by him, as such, through his professional relation."

See also: *Metropolitan Life Ins. Co. v. Head* (1927), 86 Ind. App. 326, 157 N.E. 448.

This rule was not violated in the testimony given by Doctors Clark and Warvel.

In support of appellant's second contention, he cites the cases of *William Laurie Co. v. McCullough* (1910), 174 Ind. 477, 90 N.E. 1014, 92 N.E. 337, and *Brackney v. Fogle* (1901), 156 Ind. 535, 60 N.E. 303. It is the opinion of this court that the cases cited by appellant are inapplicable in that they consider the question of whether, in final argument before the jury, defendant's counsel may comment on the fact that plaintiff failed to call his physician as a witness.

Even if the trial court erred in refusing to grant appellant's request to dismiss the jury during the time necessary for the invocation of the privileged communication rule, this does not constitute reversible error.

Based on the authorities cited above, and the reasoning stated herein, the judgment is affirmed.

Cook, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 237 N.E. 2d. 277.