## SHANEFF v. SABO.

[No. 1068-S-168. On Petition to Transfer October 11, 1968. See Appellate Court Decision 143 Ind. App. 1, 237 N. E. 2d 277.]

*Gerald C. Purdy, Frank E. Spencer,* Indianapolis, for appellant.

*James L. Tuohy,* Indianapolis, for appellee.

PER CURIAM.—This matter arose on a petition to transfer. Judgment was entered against the appellant by the Superior Court of Marion County, and affirmed by the Appellate Court of Indiana, Division Two, with a written opinion filed. See *Minche J. Shaneff* v. *Mildred Sabo* (1968), 143 Ind. App. 1, 14 Ind. Dec. 446, 237 N. E. 2d 277.

The appellant's petition to transfer raises a question whether the Appellate Court erred in deciding a new question of law, i.e., does it constitute reversible error on the part of a trial court in refusing to grant a request by counsel to excuse the jury during the time necessary for the invocation of the Privileged Communication Rule?

It appears that before the testimony of two of appellant's, plaintiff below, doctors called by the appellee, defendant below, the attorney for the plaintiff approached the bench and informed the court that the plaintiff's doctors had been called by the defendant to testify and requested the court to excuse the jury from the court room before plaintiff's attorney made an objection that the plaintiff had not waived his rights to Privileged Communication with those doctors, and further stating that the jury should not hear any of the objections in asserting his rights because it would be prejudicial to plaintiff's case. The court ruled it was not proper to excuse the jury before plaintiff's attorney had stated his objection to the question. This is a de novo matter in this state which has not been heretofore decided.

In *Johnson* v. *Kinney* (1942) Iowa, 7 N. W. 2d 188, citing various Iowa cases, it is stated that it is reversible error to require plaintiff on cross-examination to say whether he is willing to waive the privilege which he is afforded by statute,

and further that a party should not be prejudiced by claiming a right which the law gives him. It is improper to challenge the party in the presence of the jury to waive his legal rights. In 3 Am. Jur. § 1061 it is pointed out that it has been held to be misconduct on the part of counsel in a civil case to challenge his opponent to waive his legal rights and allow the introduction of evidence which otherwise would be barred since a refusal to accept the challenge tends to prejudice the minds of the jury, citing *McDuff* v. *Detroit Evening Journal* (1890), 84 Mich. 1, 47 N. W. 671.

It appears that the trial court committed prejudicial error to the plaintiff below and abuse of its discretion, when it permitted the jury to be present when the plaintiff below made objection on the ground of Privileged Communication to the examination of plaintiff's doctors by the defendant in the presence of the jury. This is reversible error.

The petition to transfer is granted and the judgment heretofore rendered by the Appellate Court is reversed, and the plaintiff below given a new trial.

NOTE.—Reported in 240 N. E. 2d 820.