**STATE of Indiana and Medical Licensing Board of Indiana, Appellants (Plaintiffs Below),**

**v.**

**Lawrence E. JAGGERS, Appellee (Defendant Below).**

No. 49A04–8610–CV–314.

Court of Appeals of Indiana, Fourth District.

April 23, 1987.

Rehearing Denied May 21, 1987.

Linley E. Pearson, Atty. Gen., John Emry, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellants.

Terrence P. Pehler, Indianapolis, for appellee.

CONOVER, Presiding Judge.

In this interlocutory appeal, Plaintiff-Appellant State of Indiana and Medical Licensing Board of Indiana (State) appeals the denial of its motion to compel discovery of the names, addresses, and phone numbers of Defendant-Appellee Lawrence Jaggers's (Jaggers) patients who have been treated by acupuncture.

We affirm.

ISSUES

The State presents one issue, namely, whether a chiropractor may assert the physician-patient privilege, IND.CODE 34-1-14-5(4), to preclude discovery by the State of the names, addresses and telephone numbers of his patients who have been treated by acupuncture or laser acupuncture.

FACTS

Jaggers, a chiropractor, has advertised himself as an acupuncturist in the Indianapolis Ameritech Yellow Pages. The State, seeking to enjoin such activity, filed an injunctive petition against Jaggers. Count I alleges Jaggers practiced medicine in Indiana without holding an unlimited license as required by IC 25-22.5-1-1.1(g). Count II alleges he committed deceptive acts by practicing medicine without an unlimited license and by holding himself out as having approvals, sponsorships and affiliations which he did not have.

As part of its discovery, the State filed a request for admissions, interrogatories, requests for production and entry for inspection. Its interrogatory no. 6 reads:

What are the names, home addresses, and home telephone numbers of each individual you treated with acupuncture or laser acupuncture from October 1, 1985, through February 28, 1986?

(R. 73).

Jaggers objected to this interrogatory on the basis it called for privileged informa-

tion. The State filed a motion to compel. Initially, it was granted by the court. Jaggers then filed a motion to reconsider which was granted. The question was certified, and this interlocutory appeal results.

DISCUSSION AND DECISION

█ IND.CODE 34-1-14-5 reads in pertinent part

The following persons shall not be competent witnesses:

.   .   .   .   .

Fourth. Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases,....

The term physician as used in this statute includes chiropractors. *Collins v. Bair* (1971), 256 Ind. 230, 268 N.E.2d 95, 97. The physician-patient privilege is in derogation of the common law. *Summerlin v. State* (1971), 256 Ind. 652, 271 N.E.2d 411, 413. The privilege applies only to those communications necessary to treatment or diagnosis. *Collins, supra; Myers v. State* (1922), 192 Ind. 592, 137 N.E. 547, 550; *Pennsylvania Co. v. Marion* (1885), 123 Ind. 415, 23 N.E. 973, 975.

For the obvious purpose of obtaining evidence against Jaggers to prove its cause of action, the State seeks to discover the names, addresses and telephone numbers of those of Jaggers's patients he has treated with acupuncture or laser acupuncture. The State claims such a request is legitimate and not in violation of the physician-patient privilege because it does not inquire as to these patients' specific maladies or any communications between the physician and his patients. Thus, the State opines, the physician-patient privilege is not violated by its discovery request. In support of its argument, the State first cites *Metropolitan Life Ins. Co. v. Head* (1927), 86 Ind.App. 326, 157 N.E. 448. There the court held the privilege statute does not prohibit physicians from testifying to the fact of employment, that they rendered professional services, and the inclusive dates of rendition. *Id.*, 157 N.E. at 449. Next, the State cites *Vaughan v. Martin*

(1969), 145 Ind.App. 455, 251 N.E.2d 444 for the proposition that questions propounded to a physician which are preliminary to a privilege objection which seek to illuminate the number and purpose [1] of a physician's contacts with a patient should be permitted under the facts of that case. *Id.*, 251 N.E.2d at 447. Finally, the State cites *In the Matter of the Estate of Beck* (1968), 243 Ind.App. 291, 240 N.E.2d 88 which states the dates of a physician's treatment of a patient are not within the physician-patient privilege. *See Head*, 157 N.E. at 450.

However, none of these cases touch the precise issue here presented, namely, whether the names, addresses, and telephone numbers of a physician's patients who have received *a certain treatment* are discoverable.[2] We believe the conclusion is inescapable they are not.

■ Of course, the physician may not assert the privilege for his own protection so as to frustrate lawful process against him. However, when a patient has not waived the privilege, the physician is required to remain silent as to the physician-patient communications contemplated by the privilege statute. *Vaughan*, 251 N.E.2d at 447–448; *In re Estate of Beck*, 240 N.E.2d at 92. Further our Supreme Court has said:

> [T]he purpose [of the privilege statute] is the promotion and protection of confidence of a certain kind, the inviolability of which is deemed of more importance than the results sought through compulsory disclosure in a court of justice.

*Penn Mutual Life Ins. Co. v. Wiler* (1885), 100 Ind. 92, 100.

■ Here, the question is whether the names, addresses, and telephone numbers of a physician's patients who have received a certain treatment are privileged. Defining terms in the statute, our Supreme Court said

[T]he words "matters communicated," as used in the statute to cover privileged information, may be defined as information obtained in the sick room, heard or observed by the physician, ... upon which he is persuaded to do some act or give some direction or advice in the discharge of his professional obligation.

*Myers*, 137 N.E. at 550. Discussing the necessity for the patient's unqualified confidence in his physician, our Supreme Court also has said

> [I]t will be conclusively presumed that the physician will only interrogate his patient on such occasions as to such matters and facts as will enable him to properly and intelligently discharge his professional duty, and the patient may answer all questions propounded which in any way relate to the subject or to his former condition, with the assurance that such answers and communications *are confidential, and cannot be disclosed without his consent.* (Emphasis supplied).

*Marion*, 23 N.E. at 975. Defining the words "matters communicated", this court recently wrote

> Implicit in this definition is the idea or the concept that the relationship between a doctor and a patient is a personal relationship. The contact is for the direct benefit of the patient and not for a third party.

*Vaughan*, 251 N.E.2d at 448.

■ We have found no Indiana case precisely on all fours with the facts here presented. However, because the attorney-client relationship is similarly postured in this state, we have consulted that body of law. In a recent case, our Supreme Court considered whether an attorney was required to reveal the name of a female companion of one of the attorney's male clients where her name was incidentally revealed to the attorney during the course of consultation with the attorney's male client. There, Justice Pivarnik said

---

**1.** In *Vaughan*, a physician's examination was required for decedent's admission to a nursing home.

**2.** This decision is limited to the precise question before us. Nothing herein should be construed as authorizing discovery of such information if the qualifying factor is eliminated. That issue is not before us in this appeal.

It is true, as the Court of Appeals pointed out, that the identification of a client is not usually considered privileged, except where so much has been divulged with regard to the legal services rendered or the advice sought that to reveal the client's name would be to disclose the whole relationship and confidential communications. (citing case) It has been held that whether the client's identity is privileged depends on the facts of each case. (citing cases)

*Colman v. Heidenreich* (1978), 269 Ind. 419, 381 N.E.2d 866, 871. Applying that learning by analogy to the precise facts before us, the interrogatory in question seeks not only the names, addresses, and telephone numbers of patients who consulted Dr. Jaggers within a certain set of dates, it seeks to limit the response to only those patients treated by a certain method or means, namely, by acupuncture or laser acupuncture. Such coupling is fatal to the State's attempt. Clearly, the method or means by which a physician treats his patient is so intimately connected with the nature of the patient's illness, malady or injury, the mere revelation thereof may tacitly reveal the patient's illness, injury, or malady. The privilege given patients by statute was designed to specifically foreclose that kind of revelation. Thus, Jaggers had not only the right but the duty to assert the physician-patient relationship since the information sought is privileged. For a similar result, *see Osterman v. Ehrenworth* (1969), 106 N.J.Super. 515, 256 A.2d 123, and *Agronaut Ins. Co. v. Peralta* (1978), Fla.App., 358 So.2d 232.

Affirmed.

YOUNG and STATON, JJ., concur.