OPINION
Appellant Georgette Allen appeals the decision of the Court of Common Pleas, Stark County, which granted, in part, Appellee Raymond Binkley's pre-trial motion to compel discovery. The relevant facts leading to this appeal are as follows. On October 19, 1999, appellee filed a personal injury action against appellant regarding an automobile collision which occurred in July 1999. The complaint sought compensatory and punitive damages from appellant, as well as underinsured motorist benefits from appellee's own insurance company, Ohio Casualty Group, Inc. On December 30, 1999, appellee propounded his set of interrogatories and a request for production of documents to appellant. Appellant's responses were not to appellee's satisfaction, which resulted in the appellee's filing of a motion to compel discovery on April 24, 2000. Appellant filed a brief in opposition on May 1, 2000. On May 3, 2000, the trial court issued a judgment entry granting appellee's motion in part, and denying it in part. The entry effectively ordered, inter alia, that appellant furnish her social security number, her unlisted telephone number, the names of any drug and alcohol treatment centers she had utilized, and any prescription drugs appellant may have taken on the day of the accident. Appellant filed her notice of appeal therefrom on June 2, 2000, and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED IN ORDERING DEFENDANT TO DISCLOSE HER PRESCRIPTION DRUG USE AND PRIOR MEDICAL TREATMENT SINCE SUCH INFORMATION IS PRIVILEGED PURSUANT TO R.C. 2317.
 II. THE TRIAL COURT ERRED IN ORDERING APPELLANT TO DISCLOSE HER SOCIAL SECURITY AND UNLISTED TELEPHONE NUMBERS TO APPELLEE.
 I.
Appellant, in her First Assignment of Error, contends that the trial court improperly ordered her to disclose privileged medical information during discovery. Appellee initially argues in response that the order to compel is not a final appealable order subject to review by this Court. Discovery orders have been generally recognized as interlocutory and thus not subject to immediate appeal. See State v. Smith (1939),135 Ohio St. 292; Collins v. Yellow Cab Co. (1952), 157 Ohio St. 311; Steele v. True Temper Corp. (1961), 91 Ohio Law Abs. 594; Klein v. Bendix-Westinghouse Automotive Air Brake Co. (1968), 13 Ohio St.2d 85. From this general rule follows a rather convoluted recent history. As we noted in Baker v. Raychem Corp. (Feb. 24, 1992), Licking App. No. CA-3726, unreported, exceptions to the nonappealability presumption regarding discovery have existed under Ohio caselaw, such as an order compelling the disclosure of information concerning hospital-patient confidentiality and statutory privilege, which was considered a final appealable order. Id. at 3, citing Humphry v. Riverside Methodist Hosp. (1986), 22 Ohio St.3d 94, 96. However, the "privilege exception" to nonappealability was, for a time, effectively abrogated by State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, where the Ohio Supreme Court, in explicit contravention of Humphry, rendered a blanket rule that "[d]iscovery orders are interlocutory and, as such, are neither final nor appealable." Id. at paragraph seven of the syllabus. Yet the tortured path in this area took another turn with the revisions of R.C. 2505.02 on July 22, 1998, which place "discovery of privileged matter" in the category of a "provisional remedy", subject to statutory classification as a final appealable order if the conditions of R.C. 2505.02(B)(4) are met. A recent case from the Ninth District quite aptly explores the present issue in an analogous procedural scenario, albeit one concerning confidential trade secrets, as opposed to privileged material as appellant asserts sub judice: Appellant has argued that the trial court incorrectly granted Appellee's motion to compel the production of documents. Appellant has averred that the documents in question are confidential, and therefore, not subject to discovery. It is axiomatic that documents containing privileged information or those constituting trade secrets are exempt from disclosure. [Citations omitted.] Just as the phrase "provisional remedy" encompasses the discovery of privileged material, it should also be read to include the discovery of confidential information, i.e. trade secrets. * * * If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal. The proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage. In a competitive commercial market where customers are a business' most valuable asset and technology changes daily, disclosure of a trade secret will surely cause irreparable harm. This Court holds that any order compelling the production of documents which constitute trade secrets is a final appealable order under R.C. 2505.02(B)(4). Gibson-Myers 
Associates, Inc. v. Pearce (Oct. 27, 1999), Summit App. No. 19358, unreported, at 6.
Applying similar logic, we hold that an order compelling discovery of purported privileged material will qualify as a final appealable order if an appellant demonstrates from the record the existence of a valid privilege and the applicability of R.C. 2505.02(B)(4)(a) and (b). Accord Buckeye State Mut. Ins. Co. v. Rowland (May 18, 1999), Jackson App. No. 98CA842, unreported. "However, pursuant to R.C. 2505.02(B)(4), a discovery order may be appealable if that order qualifies as a provisional remedy under R.C. 2505.02(A)(3)." Id. at 4. Upon review of the record, and per our discussion of the issue of privilege, infra, we presently find the existence of a valid final appealable order in this matter. In regard to the merits of the present appeal, we note that we review a trial court's discovery rulings under an abuse of discretion standard. Tracy v. Merrell Dow Pharmaceuticals (1991), 58 Ohio St.3d 147
. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. State v. Adams (1980),62 Ohio St.2d 151. However, an appeal from the interpretation and application of R.C. 2317.02(B) is recognized as reviewable as a matter involving an issue of law. See Ward v. Johnson's Indus. Caterers, Inc. (June 25, 1998), Franklin App. No. 97APE11-1531, unreported; Porter v. Litigation Management, Inc., (May 11, 2000), Cuyahoga App. No. 76159, unreported. Notwithstanding the liberal discovery provisions found in the Civil Rules, a trial court is vested with the authority to limit pretrial discovery in order to prevent an abuse of the discovery process. Doe v. Univ. of Cincinnati (1988), 42 Ohio App.3d 227, 231. Turning to the specifics of the case sub judice, we start with the interrogatories in dispute, which request appellant to "[s]tate whether you were taking any prescription medications at the time of the collision," to state any visits to treatment for drug or alcohol abuse, and to "[s]tate your name, address, telephone number, social security number, and date of birth." See Plaintiff's First Set of Interrogatories Directed to Defendant. We commence with the prescription medication issue. Our initial task is to determine whether the disclosure of a patient's status as a user of prescription medication results in the effective disclosure of a privileged communication between the patient and the physician. The necessary definition is found in R.C. 2317.02(B): (4)(a) As used in divisions (B)(1) to (3) of this section, "communication" means acquiring, recording, or transmitting any information, in any manner, concerning any facts, opinions, or statements necessary to enable a physician or dentist to diagnose, treat, prescribe, or act for a patient. A "communication" may include, but is not limited to, any medical or dental, office, or hospital communication such as a record, chart, letter, memorandum, laboratory test and results, x-ray, photograph, financial statement, diagnosis, or prognosis.
In applying the above provision, we take historical note that there is no physician-patient privilege under Ohio common law. Wargo v. Buck (1997), 123 Ohio App.3d 110, 120. "Because the privilege is entirely statutory and in derogation of the common law, it must be strictly construed against the party seeking to assert it." Id. citing Ohio State Med. Bd. v. Miller (1989), 44 Ohio St.3d 136, 140. Other jurisdictions have equally ascertained: "Since the protection against privileged communications often leads to a suppression of the truth and to a defeat of justice, the tendency of the courts is toward a strict construction of such statutes." Green v. Superior Court, In and For San Joaquin County (1963), 220 Cal.App.2d 121, 126, 33 Cal.Rptr. 604, 607. Even as strictly construed against appellant, however, we find that the broad definition of "communication" recited in Ohio's statute would include the requested answer to the prescription medication interrogative. In State v. Spencer (1998), 126 Ohio App.3d 335, 710 N.E.2d 352, the Eighth District Court of Appeals broached this issue in a physician's appeal of a judgment which found him in contempt for failing to produce medical records relating to his prescriptions of anabolic steroids. Because the facts revealed "a suspicion of criminality," the Court affirmed the trial court's refusal to allow the physician to use privilege as a shield: "When the unrebutted evidence supports the contention that prescribed pharmaceuticals far exceed the dosage levels generally accepted in the medical community, that circumstance takes the claimed `communication' outside the realm of `privilege.' " Id. at 339. What is important in Spencer, for our present purposes, is the apparent underlying presumption that the prescription information would have been considered privileged, but for the suspicious nature of the dosages involved. Thus, questions during discovery in a civil action pertaining to a party's use of prescription medications are presumptively part of privileged communication between the party and his or her physician, absent a waiver. Our next step is therefore determining the existence of any waiver to appellant's privileged information; i.e., by appellant's express consent or the filing of a civil claim by appellant. R. C. 2317.02(B)(1)(a). See, e.g., Calihan v. Fullen (1992),78 Ohio App.3d 266 . A review of the record on appeal reveals neither form of waiver. Appellee nonetheless argues in his brief that appellant incorrectly "took a simple request for the identity of the medications she was taking on the day of the collision and mutated it into a request for her medical records." Appellee's Brief at 6. However, the evidence in the record simply does not demonstrate that privilege was waived, whether the requested information is voluminous or meager. As one Indiana court has succinctly observed: "Clearly, the method or means by which a physician treats his patient is so intimately connected with the nature of the patient's illness, malady or injury, the mere revelation thereof may tacitly reveal the patient's illness, injury, or malady." Sharp v. State (Ind.App. 1991), 569 N.E.2d 962, 965, quoting State v. Jaggers (Ind.App. 1987), 506 N.E.2d 832, 835. See, also, Britt v. Superior Court (1978), 20 Cal.3d 844, 863, 574 P.2d 766, 778, fn. 7: (" * * * the prescribed medication that plaintiffs utilized clearly falls within the aegis of these statutory privileges.") We therefore find merit in appellant's position that the compelling of her prescription medication information was improper under the facts and circumstances of this case. We next turn to appellant's argument regarding the compelled disclosure of her drug and alcohol treatment visits. Appellant first asserts that appellant's history is protected as confidential under R.C. 3793.13. We are unpersuaded by this argument. The statute, by its clear language, applies to "[r]ecords or information * * * pertaining to the identity, diagnosis, or treatment of any patient which are maintained in connection with the performance of any drug treatment program * * *." The requested information in the case sub judice is not the maintained records of a licensed drug treatment program, but instead merely seeks appellant's recollection of the names of any treatment centers she has utilized, if any. We therefore find the specific confidentiality statute inapplicable to the disputed interrogatory. Appellant also argues that the compelled drug treatment information, i.e., the name of any treatment center ever utilized, is privileged. We disagree. Unlike the medication list discussed previously, this basic request for information cannot be legitimately classified as a physician-patient communication. One court has noted the following in regard to this type of general question: "On a rudimentary level, R.C. 2317.02 does not prevent the physician from testifying under oath that he was consulted in a professional capacity by a person on a certain date." State v. Spencer, supra, citing Jenkins v. Metropolitan Life, Ins. Co. (1961), 171 Ohio St. 557. We reiterate that the issue herein is that of privilege; the issue of relevancy is not presently under appeal. The trial court did not err, as urged by appellant, in compelling her to answer the drug and alcohol treatment interrogatory. Appellant's First Assignment of Error is sustained in part and overruled in part.
 II.
In her Second Assignment of Error, appellant contends that the trial court erred in compelling her to release her social security number (SSN) and unlisted telephone number as part of the discovery process. Despite the well-researched arguments provided by both sides, we find the SSN issue moot, upon review of the record. Attached to appellee's motion to compel of April 24, 2000 is appellant's counsel's response to request for production, wherein he objects to supplying a copy of appellant's driver's license because "any discoverable information is contained on the police report already in plaintiff's possession." Thus, it appears undisputed that appellee's counsel was in possession of a copy of the police accident report prior to the order compelling discovery. This is further evidenced by appellee's counsel's "affidavit * * * in support of motions," filed May 24, 2000, attached to which is a copy of said report, which contains no fewer than three separate recitations of appellant's SSN. Again, this pre-dates the trial court's order compelling discovery. We are certainly cognizant that the potential harm to personal privacy in this area is magnified by modern society's increased information technology. Nonetheless, the apparent fact that appellant's SSN was obtained via another avenue, the propriety of which appellant does not argue on appeal, means that this issue is now academic. As we have made clear, this court does not issue advisory opinions. State v. Brown, (Jan. 24, 2000), Stark App. No. 1999CA00188, unreported. Therefore, we need not further analyze the issue of SSN disclosure during the discovery process under the circumstances of this case. We finally turn to appellant's assertion that the trial court also erred by ordering her to release her unlisted home telephone number. Unlike her analysis of the SSN issue, appellant provides no authority in support of this contention, other than a perfunctory reference to privacy rights. An appellant is to include in each brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). Moreover, the police report noted above also contains a telephone number for appellant, again rendering the argument ostensibly moot. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, is hereby affirmed in part and reversed in part. The trial court's order to compel disclosure of appellant's prescription medications is hereby vacated. In all other respect, the judgment is affirmed, and the matter is remanded to the trial court for any and all remaining proceedings.
Reader, V. J. Edwards, J., concurs. Hoffman, P.J., concurs in part, dissents in part.