HARTZELL ET AL. v. HARTZELL, ADMINISTRATRIX.

[No. 5,459. Filed December 12, 1905. Rehearing denied February 23, 1906. Transfer denied March 15, 1906.]

1. DECEDENTS' ESTATES.—*Final Report.—Right of Administrator to a Discharge.*—Upon the approval of the final report of an administratrix, she is entitled to be discharged. p. 484.

2. CONTRACTS.—*Judgment.—Conditions.—Time of Performance.*—Where the heirs enter into a compromise of their disputes as to their rights in a decedent's estate, and a certain time is given to the widow in which to perform certain conditions, the fact that she performed same before complete performance of the

conditions by the other heirs, where such conditions were not dependent upon prior performance by such others, can not be objected to by the other heirs. p. 484.

3. APPEAL AND ERROR.—*Appellate Court Rules.*—*Briefs.*—Where appellants fail to set out the evidence or the substance thereof in their brief, no question depending thereon will be considered. p. 485.

4. EVIDENCE.—*Decedents' Estates.*—*Witnesses.*—*Executors and Administrators.*—*Widows.*—The widow, administratrix of her deceased husband's estate, is a competent witness to testify as to where personal property belonging to such decedent was found after his death. p. 486.

5. JUDGMENT.—*Motion to Modify.*—*Conclusions of Law.*—Where the judgment follows the conclusions of law, a motion to modify same presents no question. p. 486.

From Wells Circuit Court; *Edwin C. Vaughn,* Judge.

Final report of May D. Hartzell as administratrix of the estate of John T. Hartzell, deceased, to which George W. Hartzell and another except. From an order overruling such exceptions, exceptors appeal. *Affirmed.*

*Levi Mock, John Mock* and *George Mock,* for appellants. *Jay A. Hindman,* for appellee.

ROBINSON, J.—Upon the questions raised by appellants' exceptions to the final report of appellee as administratrix of the estate of John T. Hartzell, deceased, the court found, in substance, the following facts: The appellee was chargeable with $1,428.16 and has expended $482.50, leaving in her hands $945.66. She filed her final report and resignation in compliance with a certain compromise agreement between her and appellants, which compromise agreement was approved by the circuit court of Darke county, Ohio, and made the finding, order and judgment of that court in a certain action then pending therein. The terms of this compromise were that an action between appellants, as administrators, and appellee, then pending in the supreme court of Ohio, was to be dismissed, and $1,000 then in the hands of the clerk of the circuit court of Darke county was to be paid to appellee or her attorneys. Appel-

lee agreed to accept $3,400 in full payment of her claim
to dower in all the lands of John T. Hartzell, deceased, in
the states of Ohio and Indiana, and in full payment and
satisfaction of her yearly allowance and distributive share
in the personalty of the decedent, and in full payment of
all claims she may have against the estate of decedent or
against appellants.   In consideration of the $3,400 and
the $1,000, appellee agreed immediately to execute and de-
liver in escrow a quitclaim deed, to be delivered to appel-
lants on fulfillment of this agreement, thereby releasing
to the estate all her interest in the lands of the decedent in
Ohio; and in consideration of the delivery of the quitclaim
deed for lands in Indiana the appellants agreed to execute
to appellee at that time their bond for $1,700, to secure
to her the payment of the proportionate share of the $3,400,
the appellants to proceed promptly as such administrators
to sell the lands of decedent, and out of the proceeds pay
the $3,400 "within nine months from the date of the entry
of this decree."   Appellants were to apply a certain per
cent of the proceeds of such sale of the land to the payment
of the $3,400 until the same was paid in full, but all to be
paid within nine months.   It was further agreed that at
the time of the entry of the compromise appellee was to
release to the estate all her right and interest in five notes
and a check which she claimed to hold against the estate,
and to surrender them to appellants on the final payment of
the $3,400.   The agreement further provided for the dis-
missal of certain suits then pending and the payment of
costs.   Appellee agreed to proceed, and within nine months
from the date of the entry of the decree, to account to the
estate for all property which had come into her possession
as administratrix, and to release her claim to act as ad-
ministratrix, and agreed within nine months to account to
appellants for all rents and other property received and col-
lected by her, less any legal payments, such as taxes, neces-
sary repair to real estate, court charges in administration

or money paid to administrators, "the amounts so received under said accounting and collected to operate as a credit upon the compromise consideration of $3,400 aforesaid, and to be deducted therefrom." The court further found that there was occasioned by the exceptions filed and the trial, expenses amounting to $100 for the services of attorneys for the administratrix.

As conclusions of law the court stated: (1) That the final report as corrected by the court should be approved; (2) that the administratrix should be discharged from further duties and liabilities as such; (3) that under the terms of the compromise agreement and order of court appellee is entitled to retain the $945.66, and after deducting the $100 attorneys' fees therefrom the residue should be credited upon the compromise consideration of $3,400; (4) that the costs should be paid by appellee. Appellants excepted to each conclusion of law .

It appears that the report of appellee was her final report as administratrix, and that she had in her hands a certain balance. The amount that the court finds she is chargeable with is more than the amount she had charged herself with in the report, but, if the amount stated by the court is correct, it is not material whether the court made the correction or the administratrix made it upon the court's order. The additions made by the court consisted of property not inventoried and a sum received for certain property in excess of the appraisement. As the corrected report became her final report, and upon its approval she was entitled to be discharged, there was no error in the first and second conclusions of law.

The third conclusion of law is right upon the facts found. It is true the compromise agreement which was made the decree of the circuit court in a cause then pending between the parties to the agreement, contains certain conditions to be performed by the parties, and it is not found that these conditions have all been per-

formed. But the compromise agreement expressly provides that within a time fixed the appellee should account for all personal property which had come into her possession under her claim as administrátrix, and also to account for rents and other property, and that the amounts so received under such accounting and collected were to operate as a credit upon the compromise consideration of $3,400, and were to be deducted therefrom. The performance of this condition was not dependent upon the prior performance of any other condition contained in the agreement, and the conclusion of the court that the net amount in her hands as administratrix should be credited upon the $3,400 was in accordance with the decree. When her final report was approved, and it appeared there was a balance in her hands as administratrix, it was the court's duty to direct the disposition of the balance; and the effect of the conclusion is, upon the facts found, that appellee is entitled to retain this balance. Objection is also made to the third conclusion of law on the charge that it charges the estate with $100 as attorneys' fees. It can not be determined from the findings themselves whether the changes made by the court in the final report were because of any exceptions filed. This part of the third conclusion is based upon the fifth finding, and if this finding is sustained by sufficient evidence the conclusion is right. That this finding and each of the other findings are not sustained by sufficient evidence are assigned as reasons for a new trial. But, as stated in appellee's brief, the brief of counsel for appellants contains no recital of the evidence as required by rule twenty-two of this court. The evidence occupies more than 260 pages of the record, but no attempt has been made to set out in the brief in any form the evidence upon any of these questions. See *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, and cases there cited.

Complaint is made that appellee was permitted to testify to many matters that occurred during the life-time of the decedent, and in the argument is set out the following question asked appellee: "In the twentieth exception you are charged with having converted to your own use furniture in the hotel. You may state what the fact is about there being any furniture in the hotel belonging to the estate of John T. Hartzell after the death of John T. Hartzell?" Objection was made that the question involved a matter that occurred before the death of the decedent, and she is incompetent to testify. The objection was properly overruled. There was a controversy as to the ownership of certain furniture in a hotel, whether it belonged to appellee or to the estate. As administratrix, appellee was required to inventory and account for the personal property of the decedent. She was not asked concerning any matter that occurred during the life-time of the decedent. She was a competent witness to testify as to where personal property, belonging to the decedent, was found after his death.

Judgment affirmed.

## ON PETITION FOR REHEARING.

ROBINSON, J.—As the fourth conclusion of law was originally stated by the court and the judgment rendered thereon, it was adjudged that the costs be paid out of the estate, but the motion afterward made by appellants that the costs be taxed against appellee personally was sustained. The motion to modify the judgment in other respects was properly overruled, for the reason that the judgment follows the conclusions of law. No question is presented by a motion to modify the judgment when the judgment follows the conclusions of law.

Petition overruled.