## LANG, EXECUTOR *v.* SNAPP.

[No. 15,844. Filed November 18, 1936. Rehearing denied June 26, 1937.]

*Orie Parker,* for appellant.

*Mehl & Mehl,* for appellee.

CURTIS, J.—This was an action by the appellee, Gertrude Snapp, by a verified petition to have the executor of her husband's estate ordered to remove from the supplemental inventory filed therein certain articles of personal property claimed by the appellee to belong to her. The petition was filed in the circuit court wherein said estate was pending.

To the petition the appellant filed a demurrer for want of sufficient facts which was overruled with an exception reserved. A motion was then filed to require the

petition to be made more specific which was likewise overruled with an exception after which an aswer in general denial was filed. Trial was had before the court resulting in an order and judgment in favor of the appellee directing the executor to remove said property from the supplemental inventory. A motion for a new trial was seasonably filed and overruled.

It is from the judgment indicated above that this appeal was prayed and perfected. The alleged errors presented are the ruling on the demurrer, the ruling on the motion to make more specific, and the ruling on the motion for a new trial. The 1st, 2nd and 4th causes in the said motion for a new trial, relate to the admission of certain oral testimony of the witness Gertrude Snapp; cause three relates to the refusal of the court to strike out a certain answer of the said witness to a question propounded to her; cause 5 bases error on the refusal of the court to sustain the appellant's motion for judgment at the close of the appellee's evidence. The other causes or grounds are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The facts presented are simple. The husband of the appellee died testate and the appellant was appointed as executor. We now quote from the appellant's brief as follows: "When the decedent died he (the executor) filed an inventory of the persnoal property which was not disposed of according to the terms of the will. Item Two of the will itself gave the appellee, who is the second childless widow, a life estate in the real estate constituting the home, 'together with furniture and house furnishings thereof as used by us therein as our home for and during the term of her natural lifetime only, with fee over to my daughter, Gladys L. Staples,' followed by other provisions with reference to the automobiles and the other personal property. This will was

renounced by the widow who elected to take under the law sometime after the original executor's inventory was filed. The election of the widow to take under the law necessitated the executor inventorying the balance of the personal property belonging to the estate, the use of which had been given to the widow under the will. This duty the executor proceeded to perform in due course which resulted in the executor's supplemental inventory and appraisement, all of which facts are substantially set forth in the petition of the widow in this case." We now set out a part of the verified petition of the appellee as follows: "Comes now Gertrude Snapp, and being first duly sworn upon her oath deposes and says: that she is the widow of said decedent, who died testate in Elkhart County, in the State of Indiana, and whose last will and testament was admitted to probate in this court. That during the December Term, 1935, of this court, this widow filed her election to take under the laws of the State of Indiana, and renouncing the provisions of the said last will and testament of said decedent, and refusing to take under the same.

"That thereafter to-wit: On the 8th day of April, 1936, Robert P. Lang, executor in said estate filed in this court a supplemental inventory and appraisement of the personal property in said estate, therein listing and appraising all of the household goods and personal property located in the home of said decedent, and this petitioner. That in said inventory and appraisement, the said executor has listed and appraised the following named items, which then were and now are the sole property of and belong to this petitioner, which property is hereinafter described as follows, to-wit:

The petitioner claims absolute title to the following list of property." Here follows an itemized list of the property claimed by the appellee. We do not deem it

necessary to set it out. We quote further from the petition as follows:

"That all of said personal property above listed is the absolute property of this petitioner as therein set forth; that said petitioner is the widow of said decedent, and that said executor and the estate of said decedent has no interest therein.

"WHEREFORE, this petitioner asks the court to set over to her the property herein described, and order said executor to remove the same from the inventory and appraisement of personal property, and that he be further ordered not to assert any claim to or right therein for and on behalf of said estate."

The appellant groups together for argument the questions raised as to the sufficiency of the appellee's petition to state sufficient facts and the ruling on the motion to make it more specific. We believe the trial court ruled correctly in each of said instances. The appellee's petition clearly showed facts which if true showed that someone other than the appellant's decedent owned the personal property in question. Such a petition, when timely presented to the proper court as in the instant case, requires a determination of the facts and an order to correct the inventory if it be erroneous.

The only evidence introduced at the trial was the oral testimony of the appellee. The motion for a new trial bases alleged error as to such evidence as follows:

"1. That the court erred in permitting the petitioner, Gertrude Snapp, over the objection of the executor, to testify as a witness in her own behalf upon her claim that she owned certain personal property listed by the executor in his inventory.

"2. That the court erred in permitting the petitioner,

Gertrude Snapp, to answer the following question over the objection of the executor, to-wit: 'I will ask whether or not there is any property listed in that inventory and appraisement that does not belong to the estate of Dr. James A. Snapp.'

"3. The court erred in refusing to strike out the answer of the witness, Gertrude Snapp, in answer to the same question last above described over the objection of the executor, the answer of the witness being, 'Yes there is.'

"4. The court erred in permitting the witness, Gertrude Snapp, over the objection of the executor, to answer the following question put to said witness by her counsel, to-wit: 'Read the articles of furniture listed in the inventory that do not belong to the estate of James A. Snapp'."

The appellant relies upon section 2-1715 Burns 1933, Sec. 304 Baldwin's 1934, to sustain his contention. We quote the salient part of that section as follows: "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the life-time of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate." It is to be noted at once that the inhibition is as to "matters which occurred during the life-time of the decedent." The evidence complained of and brought before us is in no wise concerning "matters which occurred during the life-time of the decedent". The evidence given was not prohibited by the above statute. See *Hartzell et al.* v. *Hartzell, Admx.* (1906), 37 Ind. App. 481, 76 N. E. 439; *The Michigan Trust Company, Executor* v. *Probasco, Admr.* (1902), 29 Ind. App. 109, 63 N. E.

255. Originally at common law all parties to civil actions were incompetent to testify but for over three quarters of a century the rule has been otherwise in Indiana by virtue of the statutory provision that "All persons, whether parties to or interested in the suit shall be competent witnesses in a civil action or proceeding except as herein otherwise provided." See section 2-1713 Burns 1933; section 301, Baldwin's 1934. One of the exceptions to the last quoted statute is the statute heretofore set out in this opinion and relied upon by the appellant in the instant case, but he has failed to show that said exception is of any avail to him. There was no error in the admission of the evidence complained of or in the failure to strike out parts thereof.

The decision of the court is sustained by sufficient evidence and is not contrary to law. Having reached the above conclusion it becomes unnecessary to discuss cause number 5 of the motion for a new trial.

Finding no reversible error the judgment is affirmed.