IN RE ESTATE OF BECK *v.* CAMPBELL

[No. 20,754. Filed September 18, 1968. Rehearing denied October 29, 1968. Transfer denied January 31, 1969.]

*John A. Kendall,* of Danville, *Scifres, Hollingsworth & Martin,* of Lebanon, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Clifford G. Antcliff* and *Antcliff & Sargent,* of Greenwood, *Ora Kincaid,* of Lebanon, and *Ryan & Lind,* of Danville, for appellee.

FAULCONER, J.—This appeal is from a judgment entered on a verdict returned for the appellee who had filed a claim against the appellant estate for alleged services rendered to appellant's decedent by appellee. The overruling of appellant's motion for new trial is the sole assignment of error. In its brief appellant divides its argument under headings designated I through X inclusive and in this opinion we shall discuss them accordingly.

## I and IXa and X

We here will discuss those specifications that the verdict of the jury was not sustained by sufficient evidence and contrary to law and the refusal of the court to direct a verdict for appellant.

Appellant, to support these claimed errors, argues in substance that 1) there is no evidence to show that the services

rendered by appellee to appellant's decedent were continuous from 1935 to 1964; 2) that when the services were rendered between 1935 and 1939 the evidence establishes that there existed between appellee and appellant's decedent a family relationship; 3) there is no evidence of the value of the services rendered and 4) there is no evidence concerning certain services alleged to have been rendered or the value thereof.

Without unduly lengthening this opinion by setting out the evidence, we are of the opinion that there is sufficient evidence or legitimate inferences therefrom to support the verdict for appellee. Therefore, the verdict is not contrary to law nor did the court err in not directing a verdict in favor of appellant.

## II

At the trial appellant objected to the court's giving appellee's tendered instruction No. 6 for the reason that "it does not correctly state the law as to what constitutes the statute of limitations in a claim case" and that appellant believes "the evidence to be that the claimant's services ceased in about the year 1939 and then not alleged to have commenced again until about the year 1958." This instruction told the jury that "suits for the recovery of money on contracts, not in writing must be commenced within six years from the time the right of action accrues," and that when services are performed under a continuing contract, express or implied, fixing no time for payment or no time for termination of the contract the statute of limitations does not begin to run until the services have ceased.

Here again, appellant argues his assertion that there is no evidence of a promise to pay or expectation of payment; no evidence of any services rendered from 1939 to 1957 and that any services rendered in 1935-39 were rendered while claimant was a member of decedent's family. We have heretofore disposed of each of these in dis-

cussing appellant's specifications that the verdict was not sustained by sufficient evidence and is contrary to law. Therefore, no error was committed in giving tendered instruction No. 6 as there was sufficient evidence, or inferences therefrom to support it.

## III

Appellant here questions the amount of the verdict as being too large. We have carefully examined the evidence set forth in the briefs of the parties as well as their arguments in this regard and are of the opinion that, under the facts and circumstances of this cause, the appellant cannot prevail on this issue. We do not feel it would serve any beneficial purpose to set forth the evidence or computation of damages.

## IV

Appellant objected to a hypothetical question asked a witness by claimant concerning the witness' opinion as to certain services rendered. The ground of the objection was that the question "requests this witness . . . to speculate and for her to assess a price upon someone's services when the question refers to some hours per week, and therefore places her in a position of assuming or guessing as to what was done. It is not conclusive as to the type of service that was rendered."

Although this question is far from a model hypothetical question, we are of the opinion that under the specific objection made there was no error in allowing the answer. The objection in our opinion goes to the weight rather than to the admissibility.

## V

Appellant next claims that the court erred in refusing to give its tendered instructions No. 4, 9, 14, 15 and 18. In-

struction No. 14 is shown as given by appellant in the record section of her brief. The other tendered instructions were either not applicable or were covered by instructions given. Therefore, there was no error in refusing to give them.

## VI

Appellant here argues his claimed error in the court refusing to give his tendered instructions No. 2, 8 and 10. An examination of these instructions will show that they are either not a correct statement of law, are confusing or not applicable to the evidence. Therefore, it was not error to refuse them.

## VII

Appellant claims error in the trial court allowing claimant to testify, over objection, as to what she did at the hospital, after the death of decedent.

Acts 1881 (Spec. Sess.), Ch. 38, § 276, p. 240; § 2-1715, Burns' 1968 Replacement makes claimant incompetent to testify as to matters which occurred *during the lifetime of decedent*. The question called for, and the answer given, related to what claimant did "at the hospital" after the death of appellant's decedent. Therefore, this statute is inapplicable. *LaChance v. Ballard's Estate* (1939), 106 Ind. App. 397, 402; 20 N. E. 2d 201; *Lang, Executor v. Snapp* (1937), 103 Ind. App. 627, 631, 4 N. E. 2d 587; *Hartzell v. Hartzell* (1906), 37 Ind. App. 481, 486, 76 N. E. 439 (transfer denied). Besides objecting to said testimony on the ground that claimant was incompetent under the above statute, appellant also stated, "and for the additional reason that there is not any claim for services pending by this lady for anything she did after his death." Assuming this objection to be sufficiently specific we are of the opinion that the admission of this evidence, even if error, was not

reversible error. We cannot say it was given to prove services rendered after decedent's death. The testimony related only to the actions of the claimant and the administrator going to the decedent's house, selecting a picture of decedent for the paper, getting decedent's masonic apron, his 50 year medical pin, making calls to relatives and meeting with the undertaker regarding funeral arrangements. Appellant has failed to sustain her burden to show that such evidence was prejudicial.

## VIII

Appellant next argues that the court committed reversible error in admitting, over its specific objection, answers to the following questions propounded to Dr. Paul R. Honan, a witness for the claimant; 1) "You might just give us the dates if you have them;" and 2) "During this time, I think you stated previously, what were you treating him for?" The answers of the witness pertained to the times he had treated decedent and for the particular illness involved. The witness was an eye doctor and was treating decedent for open angle glaucoma. The objection was on the ground of the patient-physician relationship. It is true that Acts 1881 (Spec. Sess.), Ch. 38, § 275, p. 240, § 2-1714 Burns' 1968 Replacement, makes such testimony confidential at the option of the patient and Indiana has given such statute a liberal interpretation in accomplishing its purpose. *Baker et al. v. Whittaker et al.* (1962), 133 Ind. App. 347, 354, 182 N. E. 2d 444. *The Penn Mutual Life Insurance Company v. Wiler* (1884), 100 Ind. 92, 102.

The testimony regarding dates of treatment was not objectionable under the statute as such matters have been held *not* to be within the privilege. *Metropolitan Life Ins. Co. v. Head* (1927), 86 Ind. App. 326, 328, 157 N. E. 448; 30 I. L. E., *Witnesses*, § 68, p. 67.

The testimony regarding the particular illness would ordinarily be privileged at the option of the patient or his repre-

sentative and the physician would be incompetent to testify thereto, if a proper objection was timely interposed, even if a disinterested third person were present. *Indiana Union Traction Co. v. Thomas* (1909), 44 Ind. App. 468, 475, 88 N. E. 356.

However, such privilege may be waived in several ways, among them the introduction of such evidence by such patient or representative or without objection by them. The record in the instant case is replete with testimony concerning the same condition of the decedent to which testimony no objection was made by appellant. Therefore, allowing this testimony over objection was harmless.

Under this section, appellant also argues her specification that the trial court erred in allowing a physician to testify, over the objection that it was privileged communication, as to treatments he administered to decedent's wife, who predeceased decedent, and to the times thereof. The privilege is a personal one to the patient and can only be exercised by the patient or by those legally representing him. There is no evidence to show, nor is any claim made, that appellant is the legal representative of the deceased wife of appellant's decedent. Therefore, the objection was properly overruled.

## IX

Appellant objected to the court's giving plaintiff's instruction No. 4 for the reason that it failed to define the term "family relationship" used therein and omits the items of intention to pay and expectation of payment. We cannot agree with appellant's argument that instruction No. 4 was a mandatory one, nor does she support such conclusion with any authority. It is well established that if appellant desired a definition of terms, or a more detailed instruction, she had the burden of submitting one.

Finding no reversible error the judgment should be affirmed.

Judgment affirmed.

Carson, C.J., and Cooper, J., concur.

Prime, J., concurs in results.

NOTE.—Reported in 240 N. E. 2d 88.