**Imogene MARTIN, Administratrix of the Estate of Roy Martin, Appellant (Plaintiff Below),**

v.

**Larrie G. RINCK, D.O., Appellee (Defendant Below).**

No. 4–785A188.

Court of Appeals of Indiana, Fourth District.

April 15, 1986.

Rehearing Denied June 3, 1986.

Lowell E. Enslen, Gary K. Matthews, Hammond, for appellant.

Larry G. Evans, Katharine E. Gerken, Hoeppner, Wagner and Evans, Valparaiso, for appellee.

CONOVER, Judge.

Plaintiff-Appellant, Imogene Martin (Martin), administratrix of the estate of Roy Glenn Martin, appeals the grant of defendant-appellee Larry G. Rinck's (Rinck) motion for summary judgment, Ind. Rules of Procedure, Trial Rule 56, as a prelimi-

nary determination under IND. CODE 16–9.5–10–1 (West, 1984).

We affirm.

ISSUES

The resolution of a single issue[1] is dispositive of the case before us:

Whether the trial court erred when it determined Martin's claim was not timely filed under Indiana's wrongful death act, IND. CODE 34–1–1–2.

FACTS

Roy Glenn Martin (Roy) consulted defendant-physician Rinck on January 27, 1977. On January 28, 1977, Roy was x-rayed. The x-ray showed lung cancer. Roy was treated by Rinck for other forms of cancer from January 27 until August 5, 1977. Roy died September 20, 1977.

On September 20, 1981, Roy's daughter, working at the hospital where her father was treated, discovered the January 28, 1977, x-ray. She told Imogene. On December 4, 1981, Imogene was appointed administratrix of Roy's estate. On January 18, 1982, Imogene, as administratrix, filed a proposed complaint against Rinck with the Indiana Department of Insurance.[2] She alleged medical malpractice resulting in Roy's wrongful death.

During the course of the proceedings Rinck moved for preliminary determination under IND. CODE 16–9.5–10–1.[3] The motion for preliminary determination was a motion for summary judgment[4] seeking dismissal of Martin's complaint. It alleged failure to meet the conditions precedent of

---

1. Martin presented four issues for our review. These issues are summarized and discussed as Martin's contentions within this opinion.

2. See, Ind. Code 16–9.5–9–1.

3. I.C. 16–9.5–10–1 Affirmative Defenses or issues of law or fact; compelling discovery; motion; jurisdiction; limitations

Sec. 1. A court having jurisdiction over the subject matter and the parties to a proposed complaint filed with the commissioner under this article may, upon the filing of a copy of the proposed complaint and a written motion under this chapter, (1) preliminarily determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana Rules of Procedure; or (2) compel dis-

covery in accordance with the Indiana Rules of Procedure; or (3) both. The court has jurisdiction to entertain a motion filed under this chapter only during that period of time after a proposed complaint is filed with the commissioner under this article but before the medical review panel renders its written opinion under IC 16–9.5–9–7. The failure of any party to move for a preliminary determination or to compel discovery under this chapter before the medical review panel renders its written opinion under IC 16–9.5–9–7 shall not constitute the waiver of any affirmative defense or issue of law or fact. *As added by Acts 1979, P.L. 152, SEC. 5.*

4. Ind. Rules of Procedure, Trial Rule 56.

the Indiana wrongful death act.[5] It further claimed Martin's cause was barred by the statute of limitations of the Indiana Medical Malpractice Act.[6]

A hearing was held, depositions were published, and the court granted Rinck's motion. Martin perfected this appeal.

Additional facts necessary to resolve the issues presented are discussed below.

DISCUSSION AND DECISION

IND. CODE 16–9.5–10–1[7] provides a means by which parties in a medical malpractice action may move for a preliminary determination of law under the Ind. Rules of Procedure. Here Rinck moved for summary judgment pursuant to Ind. Rules of Procedure, Trial Rule 56. Rinck's motion was granted.

Summary judgment is appropriate only if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Bernhardt v. State* (1985), Ind.App., 479 N.E.2d 1367, 1368; *Taylor-Chalmers, Inc. v. Board of Commissioners of LaPorte County* (1985), Ind.App., 474 N.E.2d 531, 532; *Penwell v. Western and Southern Life Ins. Co.* (1985), Ind. App., 474 N.E.2d 1042, 1044; Ind.Rules of Procedure, Trial Rule 56(C). As this court states with regularity

> When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. We must determine whether any genuine issue of material fact exists and whether the law was correctly applied, ... We must liberally construe all evidence in favor of the nonmovant and resolve any doubt as to the existence of a genuine issue against the proponent of the motion. ... A fact is material if it facilitates resolution of any of the issues involved. ... On appellate review the trial court's judgment will be

affirmed on any theory or basis found in the record which supports the trial court's judgment. ... A fact is "material" for summary judgment purposes, if its resolution is decisive of the action or of a relevant secondary issue. ... (Citations omitted).

*Penwell,* 474 N.E.2d at 1044.

We summarize Martin's four contentions as follows:

1. The two year period found in Indiana's wrongful death act, I.C. 34–1–1–2 is properly a statute of limitations.

2. Martin's cause is based on fraud. Therefore, the six year statute of limitations of I.C. 34–1–2–1 and the tolling statute at I.C. 34–1–2–9 should apply.

3. Summary judgment was not proper because there remained unresolved issues of material fact.

4. The two year "occurrence" statute of limitations of the Indiana medical malpractice act, I.C. 16–9.5–3–1, should be replaced by a "discovery" statute of limitations.

The weight of Indiana authority leads us to conclude Martin's appeal must fail. Because each contention is part and parcel of a single argument, we discuss them together.

Martin brings no action as an individual, she sues as administratrix of Roy's estate.

■■■ Martin's claim this cause is grounded in fraud fails. The six year statute of limitations for fraud does not apply. I.C. 34–1–2–1 applies to those cases involving fraud when the immediate and primary object of the suit is to obtain relief from fraud. It does not apply to actions which fall within some other class even though questions of fraud may arise incidentally. It is the substance of the cause which

---

5. I.C. 34–1–1–2.

6. I.C. 16–9.5–3–1 Two years; special limitation for minors

Sec. 1. No claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless filed within two (2) years

from the date of the alleged act, omission or neglect except that a minor under the full age of six (6) years shall have until his eighth birthday in which to file. This section applies to all persons regardless of minority or other legal disability.

7. See footnote 3.

determines the applicable statute of limitations. *See, e.g., Whitehouse v. Quinn* (1985), Ind., 477 N.E.2d 270, 273–274; *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281, 285.

Martin's complaint alleges a wrongful death due to medical malpractice. Thus, she must comply with the requirements of the wrongful death statute. The trial court did not err by disregarding the six year statute of limitations for frauds under I.C. 34–1–2–1.

In relevant part, Indiana's wrongful death statute, I.C. 34–1–1–2, provides:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, . . . .

Martin argues the two year provision of this statute is a statute of limitations. This argument has been made and rejected repeatedly. Most recently our First District, speaking through Ratliff, J., said

Actions for wrongful death were unknown at common law and are purely statutory in origin. *Warrick Hospital, Inc. v. Wallace* (1982), Ind.App., 435 N.E.2d 263, *trans. denied; General Motors Corporation v. Arnett* (1981), Ind.App., 418 N.E.2d 546, *trans. denied; Bocek v. Inter-Insurance Exchange, et al.* (1977), 175 Ind.App. 69, 369 N.E.2d 1093. Because such actions are purely statutory, a wrongful death plaintiff must meet and comply with all conditions precedent to bringing such an action. *Warrick Hospital,* at 268. This includes meeting the requirements of Indiana Code section 34–1–1–2 which provides that "[w]hen the death of one is caused by the wrongful act or omission of anoth-

er, the action shall be commenced by the personal representative of the decedent within two years . . ." *Id.* The two year time period within which a wrongful death action must be commenced is not a statute of limitations, but is a condition precedent to the existence of the action. *Arnett,* at 548; *Bocek,* 369 N.E.2d at 1097. Since a wrongful death action may be prosecuted only by the personal representative of decedent's estate, and must be brought within two years to meet the condition precedent to the right of action, obviously the personal representative must be appointed within that two year period. *Warrick Hospital,* at 268; *Arnett,* at 548.

*Honda Motor Co. Ltd. v. Parks* (1985), Ind.App., 485 N.E.2d 644, 646 (Miller, J. sitting by designation). Martin cites *Chalmers v. Estate of Market* (1979), Ind.App., 397 N.E.2d 636 and *White v. Almond* (1952), 122 Ind.App. 208, 103 N.E.2d 901 for language referring to the two year period in the wrongful death statute as a statute of limitations. Although such language is used, neither case supports her contention. The issue in *Chalmers* was whether a complaint forwarded to the clerk by certified mail for filing, timely mailed within the two year period of limitations, but received after the period ran was timely filed. *White* is authority contrary to Martin's argument here. In *White,* the trial court entered a directed verdict against the plaintiff because she had been appointed personal representative of her deceased husband's estate more than two years after her husband's death. Thus, there was no duly qualified person representing the estate. The *White* court affirmed. As noted by our Supreme Court when discussing an earlier wrongful death statute, the right of action given by that statute exists upon the express condition suit shall be instituted within the period named and not afterwards. *Hanna v. The Jeffersonville Railroad Co.* (1869), 32 Ind. 113, 114. *Honda Motor Co.,* and the cases cited therein are consistent with that position. Here, as in *Warrick Hospital Inc. v.*

*Wallace* (1982), Ind.App., 435 N.E.2d 263 (trans. denied), Martin's failure to be appointed personal representative of her husband's estate within two years of his death is fatal to her wrongful death action based upon alleged medical malpractice.

This is not a case in which we must determine whether the doctrine of fraudulent concealment must be applied. If I.C. 34–1–2–9 [8] were relevant, its provisions under the facts presented in this case would prevent recovery. I.C. 34–1–2–9 requires the person liable to the action to have concealed information from *the person entitled thereto*. Assuming *arguendo* the personal representative is entitled to the information alleged to have been concealed here, Martin's cause fails because no personal representative was appointed within the time required. Thus, there was no one to whom Rinck was obligated to give the information.

Further, the doctrine of fraudulent concealment would toll the statute of limitations only during the time in which the physician-patient relationship continued. It ceased here in August 1977 when Rinck last treated Roy. *Cf. Guy v. Schuldt* (1956), 236 Ind. 101, 138 N.E.2d 891; *Carrow v. Streeter* (1980), Ind.App., 410 N.E.2d 1369, 1372; *Adams v. Luros* (1980), Ind.App., 406 N.E.2d 1199, 1202–1203.

Martin brought no action on behalf of herself as spouse, but she asserts Rinck was obligated to inform her directly of Roy's condition. However, she cites no authority supporting her argument. On the contrary, a physician may not reveal such information to anyone without the express consent of his patient. *Cf.* I.C. 34–1–14–5 (physicians are incompetent witnesses concerning matters communicated to them by patients); *In re: Estate of Beck* (1968), 143 Ind.App. 291, 296, 240 N.E.2d 88, 92 (testimony regarding particular illness is ordinarily privileged, at the option of the patient or his representative). Finally Martin testified in her deposition both she and Roy were aware of his lung cancer before his death, but neither pursued the issue of Rinck's failure to tell them of it. Her actual knowledge forecloses the fraudulent concealment issue. The two year condition precedent provision applies.

Martin alleges summary judgment was improper because several material facts were unresolved. The only fact material to disposition of this case is no personal representative was appointed and no wrongful death claim pursued within the two year period provided by the wrongful death act. Thus, any other facts, disputed or not, are not material to the trial court's disposition of the case.

Because the wrongful death act applies, we need not discuss whether the medical malpractice statute of limitations under I.C. 16–9.5–3–1 should be an occurrence or a discovery statute. This discussion should be addressed to the legislature. We note we have heretofore suggested conditions under which it may be necessary to consider the medical malpractice statute of limitations a discovery rule. *See, e.g., Alwood v. Davis* (1980), Ind.App., 411 N.E.2d 759, 760. *Cf. Carrow v. Streeter* (1980), Ind. App., 410 N.E.2d 1369, 1373 (in which the Second District of this court rejected any discovery rule).

Because Martin failed to comply with the conditions precedent set forth in the wrongful death act, the trial court did not err in granting Rinck's motion for summary judgment.

Affirmed.

YOUNG, P.J., and MILLER, J., concur.

---

**8.** 34–1–2–9 Concealing cause of action

Sec. 9. If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action.